Albert A. Blinder, J.
This is a motion for permission to file a late claim. (Court of Claims Act, § 10, subd 5.)
The application involves inter alia, a question of Court of Claims procedure concerning contribution under Dole v Dow Chem. Co. (30 NY2d 143) among alleged tort-feasors as the same is now codified under CPLR article 14.
The proposed claim arises out of an automobile accident which occurred on June 11, 1974. Pamela Hennessey was a passenger on a motorcycle owned and operated by Keith Waugh. The motorcycle collided with a vehicle owned by Jacob Leibowitz and operated by Shimon Leibowitz, Jacob’s son, at the intersection of Robert Pitt Drive and State Highway 59 in the town of Ramapo, Rockland County, New York.
Pamela commenced an action in Supreme Court, New York County, on July 10, 1974 seeking damages for her alleged personal injuries sustained in the collision naming the Leibowitzes as parties defendants, as well as Keith Waugh.
In the preparation of the defendants’ defense, an investigation was made which assertedly revealed that the traffic lights at the intersection were not functioning or were malfunctioning. We are informed, and for purposes of this motion only, assume that the traffic lights were owned and operated by the State of New York, and continued in their inoperative condition for several days prior to the alleged occurrence.
*426 On November 5, 1974 the defendants Jacob Leibowitz and Shimon Leibowitz commenced a third-party action against a number of additional parties pursuant to CPLR 1007. One of the third parties named was the State of New York. Upon ascertaining that there was no jurisdiction in that court, the third-party action was discontinued against the State without prejudice.
In the proposed claim, Jacob Leibowitz alleges two causes of action. The first cause of action alleges that "the State of New York, is or will be liable to the claimants and will be bound to indemnify the claimants” pursuant to CPLR 1402 and for an apportionment of damages with respect to Pamela Hennessey’s lawsuit, which is not yet on the trial calendar in Supreme Court, New York County. The second cause of action is for property damage sustained to Leibowitz’s vehicle in the sum of $836.32.
The State of New York may of course be liable for improper maintenance or operation of a traffic signal. (Cf. Weiss v Fote, 7 NY2d 579, 587.)
The issues presented to the court, which appear to be questions of first impression are: may a claim for contribution under CPLR 1401 be filed against the State in this court prior to the rendition of judgment and payment? And, if the claim may be asserted, does the instant motion provide adequate basis to allow the court to exercise its discretion to grant permission to file a late claim?
The State of New York argues that as to any causes of action Shimon may have, his age tolls the time period and suggests that the focus of this motion must be upon Jacob’s alleged causes of action. This is of course a correct statement of the law. The infant will have two years to present his claim after his disability is removed. (Court of Claims Act, § 10, subd 5; also see Weber v State of New York, 267 App Div 325.) Therefore, no permission is necessary for Shimon to file a claim.
Jacob, however, stands in different shoes. He seeks to file a claim initially for his own property damage sustained in the accident and for contribution for the vicarious liability under section 388 of the Vehicle and Traffic Law which is the basis of Pamela’s Supreme Court action against him.
Jacob’s two claims are divisible and for ease of decision herein they are discussed seriatim.

*427
As to the proposed claim for property damage:

This is but a simple property damage claim for the State’s alleged negligence in the maintenance of its highway.
Section 10 of the Court of Claims Act, provides that the timeliness of filing is a jurisdictional prerequisite to making a claim against the State, De Marco v State of New York (43 AD2d 786); the appellate courts have held that subdivision 5 of section 10 of the Court of Claims Act must be strictly construed. (Bommarito v State of New York, 35 AD2d 458.) The requirements of subdivision 5 of section 10 are conjunctive and therefore, failure to satisfy any one of them is fatal, Turner v State of New York (40 AD2d 923), regardless of whether or not the State will be prejudiced by granting the relief sought. (Society of New York Hosp. v State of New York, 21 AD2d 733.)
In reviewing the papers before the court, we find that the movant has failed to show a reasonable excuse for failure to file timely. The movant is charged with having knowledge of the filing requirements of the court. (Boland v State of New York, 35 AD2d 855, revd on other grounds 30 NY2d 337.) Failure to investigate an accident to determine liability or defense is not a reasonable excuse for not timely filing a claim.

As to the proposed claim for contribution:

This portion of the claim which is a cause of action for contribution under CPLR 1401 provides the court with a more difficult issue. Questions involving Dole v Dow Chem. Co. and its ramifications in the Court of Claims have proven vexatious. The difficulties lie in the fact that, this is a court of limited jurisdiction wherein the State has consented by statute to be sued, but only in a trial conducted without a jury (see e.g., Bartlett v State of New York, 40 AD2d 267; Tierney v State of New York, 76 Misc 2d 673) and wherein there appears to be a limitation in the joinder of additional parties (see Court of Claims Act, § 9, subd. 6).
The State opposes Jacob’s claim under CPLR 1401 on the basis that the claim has not yet accrued, and therefore, the claim is not a late claim. It is the State’s position that there is no cause of action until money is paid the plaintiff in the Supreme Court action.
The statute in point provides that a claim for contribution may be brought by two or more persons “who are subject to *428 liability for damages * * * whether or not an action has been brought or a judgment has been rendered against the person from whom contribution is sought.” (CPLR 1401.) It follows the person or persons bringing the claim may do so whether or not judgment has been rendered against him, her, or them. There is likewise no requirement of payment. (Cf. Adams v Lindsay, 77 Misc 2d 824).[1]
After careful consideration and review of the law, the court is constrained to find that the State’s liability or portion thereof, if any, was fixed and established at the time of the occurrence. It matters not when the original suit was commenced, nor when the defendants therein were served, nor when they ascertained by their investigation that the accident was not their fault. What is critical is the time of the State’s alleged negligence. It is from this date that the time for the filing of a notice of intention or claim would be computed for an action against the State of New York, in the first instance. It is therefore, the date we hold from which a notice or claim for contribution under CPLR 1401 is to be computed.[2] (See Barry v Niagara Frontier Tr. System, 35 NY2d 629.)
In arriving at this determination we have considered the Judicial Conference report on contribution and in particular its comments on "statute of limitation” problems. (Annual Report of Judicial Conference, Legis Doc [1974], No. 90; Twelfth Annual Rep of Judicial Conf to Legislature on CPLR, McKinney’s 1974 Session Laws, vol 2, p 1804, et seq.) The court is also aware of those decisions holding that a claim for contribution is not a tort claim. (See e.g., Zillman v Meadow-brook Hosp. Co., 73 Misc 2d 726, revd on other grounds 45 AD2d 267.)
While CPLR 1403 allows the assertion of a cause of action for contribution in a separate action, an action against the State must be commenced by complying with the limitations of article II of the Court of Claims Act. (Court of Claims Act, § 8.) It is the Court of Claims Act, which specifically regulates the institution of claims against the State, not the CPLR. (See CPLR 101; Terry Contr. v State of New York, 27 AD2d 499.)
*429 Therefore under the present law, a claim for contribution against the State must be filed within six months after the accrual of the claim. (Court of Claims Act, § 10, subd 4.)
If the Judicial Conference, at whose behest CPLR article 14 was enacted intended to change existing procedures and limitations in expanding the right of contribution to include joint, concurrent, successive, independent, and alternative tort-feasors, then it should also have recommended to the Legislature the amendment or repeal of portions of section 10 of the Court of Claims Act.
The motion is denied.

. CPLR 1402, sets forth the formula for the amount of contribution. Under this, the amount of payment made by a claimant above his equitable share, is the amount of contribution for which he may recover. We believe this to be a matter of proof and does not relate to the time when a filing is required under Court of Claims Act (§ 10, subd. 4).

. In the case at bar, since CPLR article 14 had September 1, 1974 as its effective date, we hold that the date of accrual runs therefrom.