**LEONARD RODGERS, Plaintiff**

v.

IBEC HOUSING COMPANY, V.I., INC., GOVERNMENT OF THE VIRGIN ISLANDS, Department of Housing and Community Renewal, and Department of Public Works, Defendants

Civil No. 1975-329

District Court of the Virgin Islands

Div. of St. Croix

September 26, 1975

HODGE, SHEEN, FINCH & ROSS, ESQS. (DEREK M. HODGE, ESQ., of counsel), Christiansted, St. Croix, V.I., *for plaintiff*

JAMES W. SILVER, ESQ., Assistant Attorney General, Christiansted, St. Croix, V.I., *for government*

NICHOLS & SILVERLIGHT, ESQS. (JOHN B. NICHOLS, ESQ., of counsel), Christiansted, St. Croix, V.I., *for defendant IBEC*

YOUNG, *District Judge*

## MEMORANDUM OPINION AND ORDER

The original complaint was filed in this matter on April 22, 1975. The plaintiff, Leonard Rodgers, now seeks leave of Court to amend his complaint. Defendant, IBEC Housing Company, V.I., Inc. (hereinafter "IBEC"), has brought a motion to dismiss the proceedings pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, asserting that the statute of limitations has expired on plaintiff's claim. The Government of the Virgin Islands, also defendants herein, have moved the Court to dismiss this action for lack of jurisdiction by the Court over the subject matter of the plaintiff's claim.

## I

### FACTS

The plaintiff is the owner of a plot of land which is adjacent to and contiguous with the Sion Farm Housing Project. In the past the plaintiff had used this land for the grazing and raising of livestock. His complaint alleges the further intention to subdivide and sell his property.

The defendant, IBEC, was at all times relevant to this action the owner and/or developer of the tract of land which is now the Sion Farm Housing Project. The complaint alleges that while in the process of developing the site, IBEC paved the land which is now the Sion Farm

Housing Project so that waters cannot soak into the ground and failed to provide adequate drainage facilities, all to the plaintiff's detriment. It is further alleged that IBEC altered the natural elevation of the land causing the surface waters which occur during rainy periods to flow and discharge on plaintiff's land.

An engineer's report on his investigation of the drainage situation of plaintiff's land explains further that a drainage swale, a manmade waterway, was cut through the plaintiff's property to "solve" the problems of an inadequate storm water disposal system at the Sion Farm development. This swale, the report concludes, along with a drainage path from a nearby laundry, contributes substantially to the runoff problems on plaintiff's land.

The Government's position as a defendant in this action results from its allegedly negligent approval and issuance of construction permits for the grading, filling and concreting of the Sion Farm project.

The plaintiff alleges that he has been damaged by the defendants' actions because a swamp and marsh have developed on the property rendering it unfit for the raising of livestock, and that because of the formation of the swamp and marsh he cannot sell the property either.

## II

### PLAINTIFF'S MOTION TO AMEND THE COMPLAINT

I shall first consider the plaintiff's motion to amend his complaint, since my resolution of this motion will have a bearing on the discussion of the defendants' motions. The original complaint alleges essentially the facts stated above. As a basis for relief the complaint alleges that by pursuing the course of conduct which they did, the defendants acted with willful, wanton and gross negli-

gence, such that the plaintiff has suffered and will continue to suffer serious damage.

The plaintiff now seeks the Court's permission to amend the complaint, relying upon Rule 15 of the Federal Rules of Civil Procedure. The original complaint is retained as Count I of the amended complaint. Count II of the amended complaint realleges the same facts and states that the acts complained of constitute a nuisance which the defendants have neglected and refused to abate. The third count of the amended complaint alleges that the defendants' conduct constitutes a continuing trespass on plaintiff's land. In addition to the $500,000.00 of damages prayed for in the initial complaint, the plaintiff seeks a mandatory injunction compelling the defendants to abate the nuisance and to construct a proper drainage system, and an order restraining the defendants from the continuing trespass.

■ Rule 15 permits a party to amend his complaint once as a matter of course before a responsive pleading is served. The term "responsive pleading" should be interpreted by reference to Rule 7(a). 3 Moore's Federal Practice ¶15.07[2], at 851 (2d. ed. 1948). Thus, the Third Circuit has held in Kelly v. Delaware River Joint Commission, 187 F.2d 93 (1951), that a motion to dismiss the complaint is not a "responsive pleading" within the meaning of Rule 15. Under this interpretation the plaintiff would be entitled to amend his complaint once as a matter of right.

■ Even assuming that the plaintiff must seek the leave of Court to amend his complaint, Rule 15 provides that such leave "shall be freely given when justice so requires." There is no indication that the plaintiff is acting in bad faith or for the purposes of delay in seeking to amend the complaint. Nor does the Court feel that the defendants will be unduly prejudiced by granting the motion to amend. Leave of court is frequently granted so that a plaintiff may

170

change the form or nature of the claim stated. See, e.g., Heay v. Phillips, 201 F.2d 220 (9th Cir. 1952).

I conclude, therefore, that whether as a matter of right or within the discretionary power of this Court, the plaintiff's motion to amend the complaint should be granted.

## III

### IBEC'S MOTION TO DISMISS

Defendant IBEC now brings a motion to dismiss the complaint pursuant to Rule 12(b) of the Federal Rules of Civil Procedure. IBEC argues that the plaintiff's action is barred by the two-year statute of limitations found in 5 V.I.C. § 31(5). The defendant's theory, simply stated, is that all construction was completed by mid-1970, and that five years had passed between the completion of the work and the bringing of the action. Moreover, the defendant notes that heavy rains occurred in the Virgin Islands in May 1969 and November 1970, asserting that the plaintiff should have known whether or not the development of the housing project would cause damage to his property.

The Court's task in this regard is not made easier by the lack of specific dates in the various submissions of the parties. It appears from the affidavits that the grading, filling, concreting and paving of the Sion Farm Housing Project and any approval therefore occurred prior to July 1970. The difficulty arises with respect to when the plaintiff became aware or should have become aware of the damage to his land. The plaintiff was made aware that a drainage swale was cut through his property in the fall of 1971. The only reference to time in the complaint states:

". . . that on several occasions during periods of heavy rains in the past year said waters have been discharged in such great quantity on plaintiff's land that it was flooded to a depth of many inches for many days at a time." (Keeping in mind that the complaint was filed on April 22, 1975.)

171

The only other indication with respect to time comes from the plaintiff's response to the defendants' motion to dismiss. A reference is made to heavy rains which began in October 1974 and continued through November. It was at this point that the defendant notified the Government of the conditions obtaining on his property.

■ In deciding this motion the Court must, I think, look at the true nature of the claim which the plaintiff states. Whether viewed as sounding in negligence, nuisance, or trespass, the complaint alleges facts which, if proven, constitute a serious and continuing harm to the plaintiff's interest in the land. A new cause of action arises each time heavy rains interfere with the use of the land.

■ Nuisance is an interference with the use and enjoyment of one's land. The statute of limitations does not begin to run with respect to this tort until the interference causes substantial harm. W. Prosser, Law of Torts 615–16 (3d. ed. 1964); Barakis v. American Cyanamid Co., 161 F.Supp. 25 (N.D. Tex. 1958). Even accepting the defendant's two-year statute of limitations, it is entirely possible that the alleged acts did not cause substantial harm to the plaintiff's enjoyment of the land until the fall of 1974, in which case this action would be timely.

In the case of a single trespass the cause of action is complete when the land is entered. The conduct alleged in this action, however, is in the nature of a continuing trespass which affords a continuing cause of action and is not easily distinguishable from nuisance. As long as the disturbance of possession continues the statute of limitations cannot expire. Courts have looked to the permanent nature of the condition created and the likelihood that the defendant will terminate it rather than pay a subsequent claim in deciding whether to allow a single action for past

and prospective damages or successive actions for the continuing tort. Prosser, supra at 616.

The Court is aware that the latest possible date of negligent construction occurred prior to July 1970. The Court has read the engineer's study which indicated that Rodgers knew of the existence of the drainage swale by the fall of 1971. Moreover, the plaintiff felt enough concern over the problem during the summer of 1972 to arrange for an engineer and some people from the Department of Public Works to visit the site. I also recognize the important policies underlying the statute of limitations.

Having given due consideration to all of these factors, it is my conclusion that IBEC's motion to dismiss the complaint must be denied. There may be a serious harm which continues to interfere with the plaintiff's use and enjoyment of his land. Given the uncertain state of facts as to when the plaintiff was or should have been aware of this harm, and recognizing that a new cause of action may arise each time it rains, I do not think that it is appropriate to dismiss this action on grounds of the expiration of the statute of limitations.

## IV

### THE GOVERNMENT'S MOTION TO DISMISS

The Government brings a motion seeking dismissal of the action for lack of jurisdiction by the Court over the subject matter of the claim, asserting the plaintiff's failure to comply with the jurisdictional prerequisites of the Virgin Islands Tort Claims Act, 33 V.I.C. §§ 3408–3413. Section 3409 of Title 33 provides that an action to recover damages for injury to property against the Government shall be filed within ninety days of the accrual of such claim. In the alternative, a notice of intention to file a claim may be filed within ninety days, and a claim filed within two years of the accrual of the claim.

173

However, even if neither of these requirements is satisfied, the court in its discretion may allow an action to be brought within two years provided certain conditions are met. The plaintiff must have a reasonable excuse for failure to file sooner. The Government or appropriate subdivision must have actual knowledge of the facts constituting the claim within ninety days of the accrual of the claim. Finally, this discretion may be exercised only where the Government has not been substantially prejudiced by the failure to give notice in ninety days.

The Court would prefer that plaintiffs filing tort claims against the Government file such claims within ninety days of their accrual or give notice of their intention to do so within the same time period. Realizing, however, that getting a lawyer to do anything within ninety days is not the easiest task, and recognizing the difficulties courts have in determining when such claims actually did accrue, this Court in the past has freely exercised its discretion under the third alternative of Section 3409, when to do so will not materially prejudice the Government.

In the instant case the Government was aware of the facts constituting the claim from the very beginning, most likely at an earlier time than Mr. Rodgers. Apparently several persons at the Department of Public Works were aware of the drainage problems at the Sion Farm complex. Moreover, during the heavy rains of the fall of 1974, plaintiff, through counsel, advised the Commissioner of Public Works and the Attorney General of the conditions obtaining on his property and forwarded a copy of the engineering study of those conditions. Perhaps at that point the plaintiff should have filed his complaint more promptly, but I conclude that in the interests of justice and pursuant to the discretionary authority of this Court, the plaintiff should be permitted to proceed against the Government.

174

## ORDER

For the reasons stated in the above Memorandum Opinion, it is hereby

ORDERED:

1. That plaintiff's motion to amend the complaint be and the same is hereby GRANTED;

2. That defendant IBEC's motion to dismiss the complaint be and the same is hereby DENIED; and

3. That defendant Government of the Virgin Island's motion to dismiss the complaint is DENIED.