Albert A. Blinder, J.
The claimant by Motion No. M-17646 moved for an order pursuant to subdivision 2 of section 17 of the Court of Claims Act directing an examination before trial. The defendant by Motion No. M-17729 cross-moved for judgment pursuant to CPLR 3211 (subd [a], pars 2, 7) dismissing the claim on the grounds that the claim was not timely filed in accordance with the provisions of section 10 of the Court of Claims Act. The motions are hereby consolidated for decision.
On July 2, 1972, Salían Benjamin Schwartz was allegedly murdered by a former patient of the Creedmoor Psychiatric Hospital, a State facility operated by the Department of Mental Hygiene. Robert J. Wofford, the alleged assailant, at the time of the homicide an outpatient at Brooklyn State Hospital, was employed by the claimant herein, Bay Ridge Air Rights, Inc., as a custodian in the building wherein the alleged crime was committed. Thereafter, the administrator of her estate commenced an action in the United States District Court against the claimant seeking $4,000,000 in compensatory damages plus $3,000,000 for punitive damages. In that action it was alleged that the claimant had been negligent in hiring the assailant and in failing to conduct an investigation into his background.
Claimant subsequently commenced a third-party action in the United States District Court against Creedmoor State Hospital and Brooklyn State Hospital, as third-party defendants, alleging that they were liable for any judgment obtained against it or alternatively for contribution pursuant to CPLR article 14. That third-party complaint against the two hospitals was dismissed on motion of the Attorney-General.
Claimant filed a notice of intention to file a claim on June 3, 1975 and a proposed claim on the same date which was denominated Claim No. 59365. The claim avers facts substantially as stated above. It seeks "indemnification and an appor *803 tionment of damages in the event the plaintiff is able to recover against the defendant pursuant to the Rule of Dole v. Dow Chemical Company, on the ground that the State of New York was negligent in releasing Robert J. Wofford without ensuring that he was not homicidal, pursuant to the Rule of Hombre v. State, Claim No. 55058 and Stillman v. State, Claim No. 55103, filed November 20, 1974”.
The defendant’s motion to dismiss is predicated on noncompliance with the provisions of section 10 of the Court of Claims Act. This court has previously held in Leibowitz v State of New York (82 Misc 2d 424, 428, 429) that a situation completely apposite to the motion at bar was barred by subdivision 4 of section 10 of the Court of Claims Act.*
*804 The claimant’s attorney states that the reason it could not have complied with the requirements of section 10 is that until the case of Homere v State of New York (79 Misc 2d 972, affd 48 AD2d 422) was decided it did not have a cause of action against the State of New York. The Homere case did not have the effect or meaning asserted by the claimant. The court does not agree that prior to the Homere decision no claim could have been made against the defendant nor that any claim so made prior to that date would have been dismiss-able for failure to state a cause of action.
We are somewhat troubled by the fact that the Assistant Attorney-General who appeared in support of the motion to dismiss in the United States District Court stated the following in the State’s brief: "In the final analysis, it is clear that if this motion is granted, the third-party plaintiff is not without a legal remedy. The claims herein can be brought in the New York State Court of Claims pursuant to Sec. 8 and 9 of the Court of Claims Act. [Citing cases.]”
The claimant in this court now argues that the defendant had previously conceded that this court has jurisdiction and that therefore the claimant has a legal remedy in this court. It is clear, however, that the defendant’s attorney cannot consent to jurisdiction in this court, if in fact none exists by virtue of the Court of Claims Act. While it is generally true that a party may waive the defense of Statute of Limitations in litigation, it is not applicable with respect to claims filed against the State of New York. The notice requirements set forth in section 10 of the Court of Claims Act are not merely a Statute of Limitations to be pleaded as affirmative defenses. They are conditions precedent for jurisdiction. Hence, they cannot be waived.
At the arguments of the motion herein, the claimant orally requested that its papers be deemed, in addition, as an application under subdivision 5 of section 10 for permission to file a late claim, in the event that the court found noncompliance with section 10. While the court would not be adverse to such an application, the matter need not be considered for it appears that in any event an application would not lie under subdivision 5 of section 10 of the Court of Claims Act because all such applications must, in any event, be made within two years after the accrual of a claim.
Having thus decided that the claim is not timely under section 10 of the Court of Claims Act, the court must grant *805 the defendant’s cross motion to dismiss the claim. In dismissing the claim, the court acknowledges that the literal application of section 10 as applied to the assertion of a cause of action for contribution against the State of New York may be too harsh, indicating as we implied in Leibowitz v State of New York (supra), the need for further study by the Judicial Conference with a recommendation to the Legislature for the amendment or repeal of applicable portions of section 10 of the Court of Claims Act in order that it conform to the intent of CPLR article 14.
The defendant’s motion to dismiss the claim is granted. The claimant’s motion for discovery is thereby rendered moot and denied.

 This court is aware that there has not been complete unanimity among legal scholars regarding its approach to CPLR article 14. Indeed, in a recent column, New York Trial Practice, Dole v Dow (cont.) (NYLJ, Dec. 12, 1975, p 1, col 1), it was opined that Leibowitz was incorrect. Apparently this criticism was based on an obviously erroneous interpretation of the meaning of the decision. The "root error” ascribed to Leibowitz is predicated on an alleged finding that the claim for contribution was a claim sounding in tort. It should have been clear that the court did not and does not hold that a claim for contribution .is one for "negligence”. It is, as we held (p 429), a claim which must be filed within six months after the accrual of the claim under subdivision 4 of section 10 of the Court of Claims Act. A reading of that section should indicate that the court never disagreed that the tort notice requirement of 90 days (Court of Claims Act, § 10, subd 3) does not apply to a claim for contribution. The import of Leibowitz is that the time period to file such a claim as against the State commences when the tortious event occurs and, therefore, it is at that time when the claim accrues. The court believes that this is the only conclusion which can be reached in interpreting CPLR 1401 within the framework of the Court of Claims Act.
It is not noteworthy, that this court in Leibowitz did not cite Matter of Valstrey Serv. Corp. v Board of Elections (2 NY2d 413). Valstrey was cited within the Nineteenth Annual Report of the Judicial Conference (Legis Doc [1974], No. 90) in the discussion regarding Statute of Limitations problems, which report was expressly considered by this court in Leibowitz. What is noteworthy is that the Court of Appeals did not cite it either in Barry v Niagara Frontier Tr. Systems, (35 NY2d 629) although it was called to that court’s attention by the briefs submitted, along with Accredited Demolition Constr. Corp. v City of Yonkers (37 AD2d 708).
In Barry, the Court of Appeals refused to allow a third-party complaint for apportionment pursuant to Dole v Dow Chem. Co. (30 NY2d 143) against the Village of Kenmore without compliance with section 341-a of the Village Law (now CPLR 9804) which states, inter alia, that no action shall be maintained against a village for personal injuries caused by a dangerous condition in a street or sidewalk unless the village was actually given written notice of the condition. The court stated that (p 633) "[t]o say that a third-party apportionment action may be brought against the village would permit indirectly what could not be done directly by the plaintiffs themselves by reason of their failure to allege compliance with the requirement of notice.”
The court refused to allow the village to be subjected to liability in a third-party action for a Dole apportionment, however the claim be characterized.