**MARIE LOUISE YEAMANS, Plaintiff**

v.

**HARRY SNOOK and WYETT McCANTS, d/b/a THE LEATHER SHOP, WINSTON GIBSON, COMMISSIONER OF DEPARTMENT OF PUBLIC SAFETY, and THE GOVERNMENT OF THE VIRGIN ISLANDS, Defendants**

Civil No. 226-1977

District Court of the Virgin Islands

Div. of St. Thomas and St. John

January 16, 1979

JAMES E. DOW, ESQ. (PALLME, ANDUZE, MITCHELL & DOW), St. Thomas, V.I., *for plaintiff*

BRITAIN H. BRYANT, ESQ., Christiansted, St. Croix, V.I., *for Snook and McCants*

SAMUEL HALL, ESQ., St. Thomas, V.I., *for Snook and McCants*

CHERYL COODLEY, ESQ. (Department of Law), St. Thomas, V.I., *for Gibson & Govt.*

CHRISTIAN, *Chief Judge*

### MEMORANDUM AND ORDER

This is an action for false imprisonment, malicious prosecution, abuse of process, and deprivation of civil rights. It is presently before the court on a "slew" of motions by the parties. Defendants Snook and McCants move for summary judgment on plaintiff's original complaint. Fed. R. Civ. P. 56. Plaintiff moves to strike an allegation contained in the memorandum of law of Snook and McCants in support of their motion for summary judgment on the ground that the said allegation is impertinent and scandalous. Fed. R. Civ. P. 12(f). Plaintiff also moves to amend her complaint to add three new defendants and three new causes of action. Fed. R. Civ. P. 15(a). Defendants Snook and McCants move to dismiss the new actions pleaded in the amended complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). And finally, plaintiff moves for leave to file a claim against the Government of the Virgin Islands out of time. 33 V.I.C. § 3409(c).

Partial summary judgment will be granted; as to the motion to strike, it will be denied; plaintiff's motion to amend will be granted except as insofar as it names the former Commissioner of Public Safety, Charles Gronevelt, as a defendant; the motion of the defendants to dismiss

the amended complaint will be denied, and the motion of plaintiff for leave to file a complaint against the Government of the Virgin Islands out of time will be granted.

Defendants Snook and McCants are proprietors of a business establishment in Charlotte Amalie, St. Thomas, Virgin Islands, known as "The Leather Shop." That store is managed for them by one Ann Van Eyten. This action stems from the alleged shoplifting of a purse from The Leather Shop on May 17, 1977. Within minutes after the alleged incident the store-manager reported the theft to the police. Detective Gifft was assigned. He presented himself at the store and questioned manager, Van Eyten. Thereafter the store manager and Gifft set out on a search for the thief along Main Street, Charlotte Amalie. Van Eyten, upon seeing plaintiff in a perfume shop, after having been told that a person fitting the description she had given was in the perfume shop, positively identified plaintiff, Mrs. Yeamans, as the thief. Plaintiff was then invited to accompany the officer, or officers, to the police headquarters at Fort Christian and once there she was placed under arrest for grand larceny. An immediate search of her person failed to uncover the purloined purse. In any event, plaintiff was detained in custody overnight and ultimately for a total of approximately twenty-one (21) hours.

The next morning plaintiff agreed to buy a purse from The Leather Shop, one said to be identical to that which had been shoplifted. Upon her purchasing this purse for some $195.00 she was released from custody. Later that day, May 18th, Detective Gifft visited plaintiff at her boat on which she was residing, her boat being berthed at a St. Thomas marina. Gifft on this visit obtained plaintiff's signature to an affidavit. This affidavit had been prepared by the private attorney for The Leather Shop. In the affidavit signed by plaintiff, and acknowledged by her before a deputy clerk of the Territorial Court, she admitted that

135

she had stolen the purse from The Leather Shop on the day and time alleged.

Plaintiff's original complaint is unclear as to the precise causes of action upon which her suit is based. Since Snook and McCants have moved for summary judgment, however, the Court has taken it upon itself to extract three potential theories of recovery, somewhat buried within the "bowels" of the complaint. In their memorandum, submitted in support of their summary judgment motion, Snook and McCants addressed all three: false imprisonment, malicious prosecution and abuse of process. The Court will, therefore, deal with all three within the context of the motion for summary judgment. The Court will, however, disregard all mention made of malicious prosecution in the amended complaint.

■ Summary judgment shall, of course, be rendered if a party can "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The burden of demonstrating the absence of a genuine issue of material fact rests squarely on the movant. Kress, Dunlap & Lane v. Downing, 4 V.I. 227, 233, 286 F.2d 212 (3d Cir. 1960). Summary judgment as to the cause of action for false imprisonment will be granted. It will be denied with respect to the other two causes of action: malicious prosecution and abuse of process.

■■ There can be no false imprisonment based on an arrest that was valid and lawful. Restatement (Second) of Torts § 45A, comment b (1965). Regardless of what may have transpired after plaintiff was arrested, if the arrest itself was made with legal authority, a suit for false imprisonment cannot succeed. Detective Gifft's arrest of plaintiff was privileged because "(a) peace officer may make an arrest . . . without a warrant." Detective Gifft in fact had "reasonable cause" to believe that plaintiff had

committed the felony of stealing a purse that was valued in excess of $100.00. Plaintiff fit a description of the thief which Ms. Van Eyten had previously given to the detective, and Ms. Van Eyten personally identified plaintiff as the perpetrator of the larceny shortly after the alleged shoplifting had occurred. The arrest of plaintiff being lawfully grounded, defendants Snook and McCant cannot be "liable for false imprisonment since no false imprisonment occurred." Restatement (Second) of Torts § 45A comment b.

■ Plaintiff's suit is actually based on conduct which occurred after her lawful arrest. She alleges that Ms. Van Eyten only realized that she had misidentified plaintiff when no purse was found in her possession. At this point, according to plaintiff, Ms. Van Eyten lied to the police to insulate her employer from a false arrest suit. Plaintiff nowhere suggests that Van Eyten's identification of her as the malefactor was anything more than an innocent mistake. (See plaintiff's complaint, paragraphs 8–11.) An individual is not liable for false arrest when, in good faith, he merely provides mistaken information to the police. Powers v. Carvalho, 368 A.2d 1242, 1248 (1977). It follows, therefore, that plaintiff has not made out a cause of action for false imprisonment.

■■ The motion of the two defendants for summary judgment as to plaintiff's cause of action for malicious prosecution will be denied. Two elements are necessary to establish liability for malicious prosecution.

(a) The defendant must initiate or procure the proceeding without probable cause and primarily for a purpose other than that of bringing an offender to justice, and

(b) The proceedings (must) have terminated in favor of the accused.

Restatement (Second) of Torts § 653. Genuine issues of

137

material fact remain with respect to both of these elements.

Proceedings were in fact initiated against plaintiff since an arrest is a sufficient proceeding for malicious prosecution. Id. § 654 comment e. Yet, as the Court's discussion of plaintiff's false imprisonment claim indicates, it cannot be maintained that the legal process was exercised without probable cause. There is, however, an alternative theory of recovery available to plaintiff. Even though proceedings are instituted for a proper purpose, if thereafter a person takes an active part in pressing the proceedings, notwithstanding discovery that there was no probable cause, this would also satisfy the first element of a malicious prosecution cause of action. Id. § 655.

This type of conduct, actively prolonging criminal proceedings, is precisely what plaintiff alleges. According to her, Van Eyten lied about plaintiff being the thief after plaintiff was arrested and no purse found in her possession. Assuming then that Ms. Van Eyten did lie, such conduct would constitute taking an active part in pressing and prolonging the proceedings. Moreover, the fact that Ms. Van Eyten lied would indicate that proceedings were kept alive without probable cause and for an improper purpose. See id. § 662.

The second element of a malicious prosecution cause of action, favorable termination of proceedings, is also an open question of fact. Plaintiff argues that the May 20, 1977, order of the Territorial Court, issued at the instance of the United States Attorney, dismissing the charges against her is a formal abandonment of proceedings by the public prosecutor, and, therefore, amounts to a termination in her favor. Id. § 659. This contention may well be deserving of merit for the dismissal, it is noted, was on the basis of "lack of prosecutive merit." Defendants counter, however, by stoutly maintaining that the termination

138

was actually indecisive under Restatement § 660 because the charge was withdrawn pursuant to a compromise prompted by a desire to extend mercy to plaintiff. Defendants too may be correct, but that is an issue of fact for determination at trial.

Snook and McCants go on to say that Ms. Van Eyten was not acting on their behalf when she informed the police of the theft and, therefore, they cannot be liable on a theory of respondeat superior. Yet, "(a) master is subject to liability for the torts of his servants committed while acting in the scope of their employment." Restatement (Second) of Agency, § 219(1) (1958). The scope of Van Eyten's employment being as yet undefined, a genuine issue of fact remains as to the liability of these two moving defendants. Moreover, even if Van Eyten were not acting within the scope of her employment there remain theories under which defendant might still be liable. See id. § 219(2).

■■ Abuse of process is the use of legal process primarily to accomplish a purpose for which it is not designed. Restatement (Second) of Torts § 682. Assuming plaintiff's version of the facts to be true, after plaintiff was arrested, Van Eyten lied to the police, thus prolonging plaintiff's stay in custody. Accordingly, the requirement of the use of process is satisfied since arrest and custody qualify as use of the court's power. In addition, the improper purpose required by the Restatement would be Ms. Van Eyten's alleged motivation of protecting her employer from potential tort liability.

■ Respecting the abuse of process cause of action, the foregoing may be but the "tip of the iceberg". Several averments, or if not specifically set out, certain implications, raise factual issues of such enormity that summary judgment must be deemed wholly inappropriate. Lending

credence to the charge of abuse of process are allegations of:

(a) the compelled purchase of a purse from defendant's store as the quid pro quo for plaintiff's release;

(b) the asserted coerced execution of a release to escape a return to perhaps the "durance vile", that is Fort Christian;

(c) the filing of a criminal complaint days after there had supposedly been a disposition of the criminal charge;

(d) the propriety of the very compromise itself; and

(e) the filing and dismissal of the criminal complaint all of even date and apparently at the same time.

All the foregoing suggest an effort to paper over wrongful, or at least questionable, conduct, and cry out for the fullest judicial scrutiny and airing. Accordingly, summary judgment on plaintiff's claim of abuse of process will be denied.

Plaintiff would have the court strike from the memorandum of law submitted by defendants in support of their summary judgment motion, the allegation that plaintiff's "identity as a shoplifter was well established". Says plaintiff, the assertion is impertinent and scandalous. Fed. R. Civ. P. 12(f). From the standpoint of a lay person, the reaction is understandable but by legal light, not so.

At the threshold, plaintiff concedes that she has failed to comply with the Rule 12(f) requirement that a motion to strike be filed within twenty (20) days of service of the offending pleading upon the moving party. Plaintiff urges the court, however, to exercise its power under Rule 12(f) to strike an allegation on its own initiative at any time. Inasmuch as plaintiff failed on the merits of the motion, the Court is spared that unwelcome choice.

■■ ■■ Plaintiff's contention that the allegation is "impertinent" is wholly without virtue. "Impertinence con-

sists of any allegation not responsive nor relevant to the issues involved in the action and which could not be put in issue or be given in evidence between the parties". 2A Moore's Federal Practice ¶12.21 at 2421–22 (2d. ed. 1975) (footnotes omitted). In the case at bar, in which probable cause is so central an issue, the fact that certain defendants believed plaintiff to be a shoplifter is clearly relevant. Moreover, in light of the guiding principle that "(m)atter will not be stricken from a pleading unless it is clear that it can have no possible bearing upon the subject matter of the litigation." id. at 2429, the allegation cannot be stricken on the basis of impertinence.

■ Plaintiff also argues that the allegation accusing her of being an established shoplifter is "scandalous" within the meaning of Rule 12(f). An allegation is deemed scandalous if it both, "reflects cruelly upon the moral character of an individual" and is unnecessary. Id. at 2426. The first element is clearly satisfied, since plaintiff is accused of dishonest conduct. The allegation is not unnecessary, however. Plaintiff suggests that to so allege, despite the absence of supportive evidence, is to convey the broad implication that she has a prior record as a shoplifter. Read in context, however, the meaning of the allegation is easily limited to a statement of plaintiff's guilt of the crime involved in this lawsuit and no other:

> Although the termination was accomplished by the compromise solution suggested by Chief Griffith, mercy for *plaintiff* certainly entered into the consideration of the case by the police and public prosecutor. The poor woman was in serious trouble, *her identity as a shoplifter was well established* and her husband, from whom she had indicated a desire to withhold knowledge of the sordid event was expected to arrive momentarily. (Emphasis supplied.)

■ Motions to strike are not favored. Id. at 2429. The allegation is readily confined to evidence relevant to this lawsuit. In addition, although degrading, the subject matter is not "gone into in unnecessary detail". Id. at 2427. Thus, plaintiff cannot wholly succeed on her motion to strike. The Court will, however, strike the indefinite article "a" and substitute therefor the definite article "the," leaving the pleading to read ". . . her identity as the shoplifter . . .", thus more accurately reflecting what, it seems to the Court, defendants intended to say.

■ Since plaintiff's motion to amend her complaint comes after a responsive pleading has been filed, leave of Court is a must. Fed. R. Civ. P. 15(a). However, such "leave shall be freely given when justice so requires." Id. In the case at bar there is no reason to deny the motion except as to Commissioner Groneveldt. The other two defendants, Ms. Van Eyten and Detective Gifft, are leading actors in the arrest episode and surely have not been prejudiced by the delay in filing. Similarly, the new causes of action revolve around the same set of facts of which all defendants have been aware from the filing of the original complaint.

■ The Government objects to the amended complaint as it applies to Commissioner Groneveldt. Simply put, the Commissioner was not in office at the time of the incident in question and, therefore, had no connection with it. As a result, the motion to amend the complaint will be granted in all respects except as it applies to Commissioner Groneveldt.

In her amended complaint, plaintiff adds two causes of action against defendants Snook and McCants for violations of her civil rights under 42 U.S.C. §§ 1983 and 1985(2). At the outset, the Court finds that plaintiff's § 1985 claim is more appropriately made under § 1985(3).

142

The "obstruction of justice" language of § 1985(2) is specifically addressed to abuses of the litigation process while the broader § 1985(3) concepts of "equal protection" and "privileges and immunities" are the proper source for plaintiff's claims.

 Snook and McCants move to dismiss plaintiff's civil rights actions for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Thus, the question before the Court is whether, in the light most favorable to the plaintiff, the amended complaint states a valid claim for relief. Miller v. American Tel. & Tel. Co., 507 F.2d 759, 761 (3d Cir. 1974). Because plaintiff has not seen fit to respond to the motion to dismiss, the Court must not only view the case from plaintiff's perspective, but must do her research as well. To plaintiff's good fortune, the Court finds sufficient allegations in the pleadings to warrant denial of Snook and McCants' motion to dismiss.

Section 1983 provides a civil action for deprivation of rights:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceedings for redress.

Thus, the establishment of a 1983 claim hinges on two necessary elements: (1) deprivation of federally protected rights (2) under color of state law. The first element is handily satisfied by plaintiff's allegation that her arrest and the proceedings which followed were the result of discrimination based on race in violation of her equal protection rights. The requirement that such a violation be under color of state law is more troublesome.

143

Snook and McCants, in objecting to plaintiff's claim, contend that actions by private parties are not under color of state law. That shot, however, goes quite wide of the mark for, "(t)o act 'under color' of law does not require that the accused be an officer of the State. It is enough that he is a willing participant in joint activity with the State or its agents." United States v. Price, 383 U.S. 787, 794 (1966). Plaintiff alleges that a conspiracy existed among Snook, McCants, their employee Ms. Van Eyten, and the police which by purpose and effect deprived her of constitutionally guaranteed rights. Accordingly, plaintiff "will have made out a violation of her fourteenth amendment rights and will be entitled to relief under § 1983" if she can prove that Snook and McCants, or their employees in the course of their employment, in conjunction with the Virgin Islands police "somehow reached an understanding" to maliciously prosecute and otherwise deprive plaintiff of her federally protected rights. See Adickes v. S. H. Kress & Co., 398 U.S. 144, 152 (1970).

Although plaintiff may be confronted with a factual burden of no mean proportion at trial, she makes sufficient allegations of a conspiracy to survive the motion to dismiss. At this juncture plaintiff need do no more to pass muster than put forth evidence suggesting that Snook and McCants and the police had a "meeting of the minds" and reached an understanding to continue to prosecute plaintiff despite her innocence. Id. at 158. Plaintiff has shown that charges against her were dropped and that stolen item was never found on her person or property. It may well be as plaintiff alleges, that her innocence eventually dawned on defendants, notwithstanding which they still continued the legal proceedings against her, in fear of a lawsuit. The allegations that Detective Gifft approached plaintiff with a general release and gave her the choice of either admitting her guilt or returning to jail, support the hypoth-

esis of defendant's fear of possible legal proceedings. Furthermore, the conspiracy theory is enhanced by the allegation that the release presented to plaintiff by Gifft, which she claims to have been coerced into signing, was prepared by the private counsel to Snook and McCants.

Plaintiff has alleged the requisite specific facts necessary to support a theory of a conspiracy between The Leather Shop and the police. See Robinson v. McCorkle, 462 F.2d 111, 113 (3d Cir. 1972) (discussing conspiracy under § 1985(3)). The formation, membership, and purpose of the alleged conspiracy have been set out by plaintiff. See Everett v. City of Chester, 391 F.Supp. 26, 29 (E.D. Pa. 1975). Thus, plaintiff has properly alleged that she was deprived of her rights under color of law and the motion to dismiss the § 1983 claim will be denied. To state a cause of action under § 1985(3), the complaint must allege that the defendants did (1) "conspire" (2) "for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws." It must then assert that one or more of the conspirators (3) did, or caused to be done, "any act in furtherance of the object of (the) conspiracy," whereby another was (4a) "injured in his person or property" or (4b) "deprived of having and exercising any right or privilege of a citizen of the United States." Griffin v. Breckenridge, 403 U.S. 88, 102–03 (1971).

The conspiracy element has been analyzed in the discussion of § 1983. Furthermore, it is beyond dispute that § 1985(3) provides a statutory remedy for unconstitutional misconduct by private persons when those individuals have conspired to deprive others of their civil rights on account of race. See id. at 103. Plaintiff asserts that because of her race she was subjected to numerous rights violations, including, among others, illegal search of her

145

boat, denial of timely and effective assistance of counsel and deprivation of liberty without due process. These allegations supply the requisite racial animus to deprive plaintiff of the equal enjoyment of legal rights. Id. The claims that plaintiff was detained without any basis and that the release affidavit was improperly obtained more than satisfy the requirement of acts done in furtherance of the conspiracy. Finally, plaintiff alleges personal injury and deprivation of rights resulting from the acts of defendants. The amended complaint, therefore, states a cause of action under § 1985(3).

Plaintiff's August 16, 1977, notice of intention to file a claim against the Government was filed within the ninety day period limited in Title 33 V.I.C. § 3409(c). However, this Court ruled that plaintiff's failure to verify the notice of intention, as required by 33 V.I.C. § 3410 (Supp. 1977), warranted dismissal of the action as against the Government. Yeamans v. Snook, No. 77-22 (D.V.I. Nov. 16, 1977). Plaintiff would now fall back on the saving provisions of § 3409(c) and have the court exercise its discretionary power to grant her leave to file this claim out of time. The statute authorizes the Court to approve an application submitted after the ninety day period has expired, but within two years of the accrual of the action, provided:

(i) a reasonable excuse for the failure to file a notice of intention exists;

(ii) the Virgin Islands Government or its appropriate agency or department had actual knowledge of the facts constituting the claim prior to the expiration of the 90 day period; and

(iii) the Government of the Virgin Islands has not been substantially prejudiced by said failure of timely filing within the specified time period.

Quailey v. Government of the Virgin Islands, 12 V.I. 463, 466 (D.V.I. 1975).

By way of excuse for her failure to file a verified notice of intention plaintiff says that, as of the time of filing, the case was still being investigated, she was unavailable, and counsel mistakenly believed that only plaintiff herself could verify the notice. This Court rejected the identical reasons as excusing plaintiff's failure to properly file within ninety days. Yeamans v. Snook, supra. The Government suggests that this holding of the Court precludes plaintiff from now establishing the "reasonable excuse" necessary for permission to file out of time under § 3409(c). However, although the requirements of the Virgin Islands Tort Claims Act generally call for "strict compliance", Yeamans v. Snook, supra, the "savings clause" of § 3409(c) is specifically addressed to the Court's discretion. In addition, the fact that plaintiff made every effort short of verification to properly notify the Government in itself tends to give substance to her "reasonable excuse" claim.

The other two prerequisites for a successful appeal to the Court's discretion under § 3409(c) are also satisfied in the case at bar. Firstly, plaintiff's August 16, 1977, letter to the Governor and Attorney General was sent within ninety days of the accrual of her action, thus signifying that the Government had actual notice of her claim, and secondly, the Court finds that the Government has not been substantially prejudiced by the untimely filing. Certainly, plaintiff's five month delay in moving for leave to file may be irresponsible in light of the Court having plainly laid the foundation for such a motion when granting the Government's original motion to dismiss. Yet, there is no evidence of any prejudice accruing to the Government beyond an unsupported statement of the Assistant Attorney General to that effect. Furthermore, plaintiff's motion is well within the two year limitation of § 3409(c). Accordingly, what plaintiff cannot claim as of right, she may

147

obtain by grace. Her motion to file a claim against the Government out of time will be granted.

## ORDER

The premises considered and the Court being advised,

IT IS ORDERED that the motion of defendants Snook and McCants for summary judgment on plaintiff's cause of action for false imprisonment be, and the same is hereby, GRANTED;

IT IS FURTHER ORDERED that the motions of Snook and McCants for summary judgment on plaintiff's causes of action for malicious prosecution and abuse of process be, and the same are hereby, DENIED;

IT IS FURTHER ORDERED that plaintiff's motion to strike an allegation on the grounds that it is impertinent and scandalous be, and the same is hereby, DENIED in part and GRANTED in part;

IT IS FURTHER ORDERED that plaintiff's motion to amend her complaint be, and the same is hereby, GRANTED, except that insofar as the motion seeks to name Charles Groneveldt as a defendant, the same is DENIED;

IT IS FURTHER ORDERED that Snook and McCants' motion to dismiss plaintiff's civil rights claims for failure to state a claim upon which relief can be granted be, and the same is hereby, DENIED; and

IT IS FURTHER ORDERED that plaintiff's motion for leave to file a claim against the Government of the Virgin Islands out of time be, and the same is hereby, GRANTED.