ALLEN VAN PUTTEN and DOREEN VAN PUTTEN,
Plaintiffs

v.

WINSTON ALEXIS, M.D., GOVERNMENT OF THE VIRGIN ISLANDS, DEPARTMENT OF HEALTH, KNUD–HANSEN MEMORIAL HOSPITAL, and J. SKLAR MANUFACTURING CO., INC., Defendants

Civil No. 81-412'

District Court of the Virgin Islands

Div. of St. Thomas and St. John

October 6, 1982

GEORGE MARSHALL MILLER, ESQ., St. Thomas, V.I., *for plaintiffs*

WILLIAM C. MURRAY, JR., ESQ., Law Offices of R. ERIC MOORE, Christiansted, St. Croix, V.I., *for defendants Alexis and Government of the Virgin Islands*

CHRISTIAN, *Chief Judge*

## MEMORANDUM AND ORDER

This case presents yet another dispute arising out of the notice and filing requirements contained in the Virgin Islands Tort Claims Act. 33 V.I.C. §§ 3408–3413 (1967 § Supp. 1981). The defendant Government has moved to dismiss the complaint for lack of subject matter jurisdiction, Fed. R. Civ. P. 12(b)(1), while plaintiffs have moved for approval, nunc pro tunc, of their untimely filed administrative tort claim. 33 V.I.C. § 3409(c). The motion of the Government will be granted, and the motion of plaintiffs will be denied.

The Government seeks a dismissal of this lawsuit premised upon the failure of plaintiffs to fully comply with the jurisdictional prerequisites set forth in the Tort Claims Act. Section 3409 provides that "no judgment shall be entered in favor" of an aggrieved individual unless that claimant first files an administrative claim with the Office of the Governor, within ninety days after the accrual of the claim. In the alternative, the claimant may file a "written notice of intention" with the Governor, which thereby affords him two years from the date on which the claim had accrued to file his formal administrative claim. Id., § 3409(c). If neither of these procedures is followed, the Court may, in its discretion, permit the claimant to file an untimely administrative claim so long as there is "reasonable excuse" for the failure to file and the Government has not thereby suffered "substantial prejudice." Id.

In the instant case, it is undisputed that the claim of plaintiffs accrued on September 26, 1979. A written notice of intention was not filed however until October 9, 1980, well beyond the ninety-day limit set forth in the statute. The formal claim to the Office of the Governor was not filed until September 11, 1981, which was obviously beyond the ninety-day limit, but within the two-year time period allowed at least for those claims filed subsequent to a timely filed notice of intention. The present action was filed with the Court on December 8, 1981, and the request for approval of the untimely filed notice of intention was filed on July 21, 1982. The question therefore presented by the instant motions is whether the discretionary authority provided under § 3409(c) to approve an untimely notice of intention or an untimely administrative claim filed within two years after the date of accrual may be invoked where the application for such relief itself comes after the two-year time limitation.

■■ The so-called "savings" clause contained in § 3409(c) of the

Virgin Islands Tort Claims Act has been repeatedly afforded a generous construction and lenient application by the courts of this jurisdiction. See, e.g., Yeamans v. Snook, 15 V.I. 129, 145–148 (D.V.I. 1979); Rodgers v. IBEC Housing Co., V.I., Inc., 12 V.I. 166, 173–174 (D.V.I. 1975); Richards v. Government, 10 V.I. 6 (D.V.I. 1973). Nevertheless, in "waiving the immunity of the Government to tort actions, the Virgin Islands legislature set forth certain statutory conditions to the maintenance of such actions. . . . The wording of the pertinent provisions is mandatory." George v. Boynes, 13 V.I. 582, 584 (D.V.I. 1977). Thus "the 90-day notice requirement embodied in 33 V.I.C. § 3409 expresses the strong policy . . . that tort actions against the Government are to be filed promptly and prosecuted diligently. Failure to act will result in the plaintiff being denied access to the courts." Dublin v. Virgin Islands Telephone Corp., 15 V.I. 214, 233–234 (Terr. Ct. 1978).

■ In the present case plaintiffs would further expand the already charitable provisions contained in paragraph 2 of § 3409(c). Although the clause does not preclude the Court from approving nunc pro tunc an untimely filed claim, logic dictates that the application itself must come within the prescribed two-year period. If, as the statute expressly provides, "application for such permission shall be made upon motion", and if the grant of such motion would thereby enable the claimant "to file [the administrative] claim at any time *within two years after the accrual thereof,*" how is it possible for the Court to properly entertain the application once that two-year period has elapsed? In a recent case similar to the case at bar, the Territorial Court concluded that "permission could not be granted where no application was filed within the two-year period [and where the period had] already expired." Mercer v. Government, 18 V.I. 171 (Terr. Ct. 1982) (Hodge, P.J.). Treating an affidavit of plaintiff as a request for permission to file a late claim under § 3409(c), the Court held that such a request was "a nullity because it was not filed until after the two-year limitation period had expired." Id. The request was therefore denied and the case dismissed notwithstanding the express finding of the Court that "the government had actual and timely knowledge of the facts [of the claim] and there was no prejudice to the government." Id.[1]

---

[1] The plaintiff in Mercer, unlike plaintiffs in the present case, failed to file *any* administrative notice of intention and/or claim within the prescribed two-year time period. However, the belated administrative filings in the instant case (and the

The New York courts in applying an almost identical late filing provision contained in the statute, upon which our Tort Claims Act is in part modeled,[2] have also held that "although leave to file nunc pro tunc can be granted in an appropriate case, the grant of such a privilege can only be made within the context to file a late claim. Where no [timely] application can be made . . . a late filing cannot be allowed to stand." Muscat v. State of New York, 426 N.Y.S.2d 711, 713–714 (Ct. Cl. 1980) (request of plaintiff for approval of administrative claim which had been filed four days after the lapse of the 90-day period denied where request for approval was made after the lapse of the prescribed time period for the filing of late claims). See also, Calderazzo v. State of New York, 426 N.Y.S.2d 160 (App. Div. 1980); Bay Ridge Air Rights, Inc. v. State of New York, 376 N.Y.S.2d 895, 899 (Ct. Cl. 1975), modified and aff'd., 394 N.Y.S.2d 464 (App. Div. 1977), aff'd., 404 N.Y.S.2d 73 (N.Y. 1978) (application for permission to file a late claim will not lie if not made within time period for filing of late claims). In short, the discretionary authority granted the Court by § 3409(c) may not be exercised in a manner "which will supply a jurisdictional defect by requiring something to be done which has not been done." Stock v. Mann, 174 N.E. 76, 77 (N.Y. 1930).

■ The foregoing conclusion may have a harsh impact, particularly where, as in the present case, plaintiffs are unable to retain counsel until well after the expiration of the relevant time limits. This Court would prefer, as it has on previous occasions, to reach the merits of Tort Claims actions rather than to dismiss them for technical filing deficiencies. However, the present case does not present circumstances in which an administrative claim was timely filed but merely lacked verification, Yeamans v. Snook, supra, or where there was excusable uncertainty about the date on which the plaintiff's claim had actually accrued, Rodgers v. IBEC Housing Co., V.I., Inc., supra, or where there was excusable unfamiliarity with the terms of the Tort Claims Act itself, Richards v. Government, supra. Moreover, the staleness of this action—particularly as it sounds in tort—militates against an exercise of jurisdiction. "The strong public policy of the Virgin Islands with respect to tort claims against

___

even more tardy request for Court approval of those filings) are hardly consistent with the Act's strong emphasis on prompt notification to the Government.

[2] The Act was "primarily . . . drawn from" the New York Court of Claims Act, N.Y. Judiciary Law, §§ 8–12 (McKinney 1981). Dublin v. Virgin Islands Telephone Corp., supra at 221.

the Government . . . argues against the presentation of stale claims. . . . The longer the delay of the plaintiff in the institution of his [tort] suit, the greater the likelihood that the evidence will be lost, memories blurred, or the witnesses become altogether unavailable." Dublin v. Virgin Islands Telephone Corp., supra at 232 and 233.[3]

██ In conclusion, we hold that where the Office of the Governor is not initially notified of a claim filed in accordance with the Tort Claims Act until nine months after the lapse of the prescribed ninety-day period, and where the request to the Court for a waiver of the administrative time limits is not made until nearly 2½ years after the lapse of that period, the Court will not exercise the discretion afforded by 33 V.I.C. § 3409(c) to permit, nunc pro tunc, a belated filing. We would make clear also that any application for the relief afforded by § 3409(c) must be filed within two years from the date on which the claim is deemed to have accrued.

For all the foregoing reasons, the motion of the Government will be granted, and the above captioned action will be dismissed to the extent that recovery is sought against the Government of the Virgin Islands.

## ORDER

The premises considered, and the Court being full advised,

IT IS ORDERED that the motion of the defendant Government of the Virgin Islands to dismiss, be, and the same is hereby, GRANTED;

IT IS FURTHER ORDERED that the motions of plaintiffs, Allen Van Putten and Doreen Van Putten, for approval of their late claim, be, and the same is hereby, DENIED;

IT IS FURTHER ORDERED that the above captioned action, as to all government agencies or entities named as defendants, be and the same is hereby, DISMISSED.

---

[3] The filing of a tort lawsuit against the Government "is governed by the general [two year] statute of limitations" set forth in 5 V.I.C. § 31(5)(A). Mercer v. Government, supra, at 175, n.3. However we are unwilling to hold that the date on which a "claim" is deemed to have accrued for purposes of the administrative filings required by the Tort Claims Act is identical to the date on which an "action" is deemed to have accrued for purposes of the general statute of limitations. Therefore the present lawsuit is not dismissed on the basis of the statute of limitations, even though it was filed with the Court more than two years after the date on which the injuries complained of were sustained.