ROSE PICKERING, Plaintiff

v.

# GOVERNMENT OF THE VIRGIN ISLANDS, JUAN LUIS, Governor, MILTON BRANCH, Commissioner of Public Safety, and FOUR UNKNOWN OFFICERS, Defendants

Civil No. 82-12

District Court of the Virgin Islands

Div. of St. Thomas and St. John

October 12, 1982

SHARON L. NOLAN–LEE SANG, ESQ., St. Thomas, V.I., *for plaintiff*

SUSAN BRUCH, ESQ., Assistant Attorney General (Department of Law), St. Thomas, V.I., *for defendants*

CHRISTIAN, *Chief Judge*

## MEMORANDUM AND ORDER

This tort claims action is before the Court on the motion of the Government to dismiss for want of subject matter jurisdiction. Fed. R. Civ. Pro. 12(b)(1). The motion is premised upon the alleged failure of plaintiff to fully comply with the administrative procedures set forth in the enabling act. The motion will be granted, but the action will be dismissed without prejudice.

Under the terms of 33 V.I.C. § 3409, "no judgment shall be granted in favor" of an individual with a tort claim against the

Government unless that claimant files an administrative claim within ninety days after the accrual of the claim. The formal claim is to be filed with the Office of the Governor and a copy is to be served upon the Attorney General. 33 V.I.C. § 3410. In the alternative, the claimant may file a "written notice of intention" with the Offices of the Governor and the Attorney General. By so doing, the claimant is thereby afforded two years from the date on which the claim had accrued to file the formal administrative claim. The claim "shall state the time when and place where such claim arose, the nature of the same, and items of damage or injuries claimed to have been sustained and the total sum claimed." Id. The written notice of intention to file a claim is to state the same items set forth in the claim, except that "the items of damage or injuries need not be stated". Id.

In the case at bar, it is undisputed that the claim of plaintiff accrued on January 18, 1980. It is further unquestioned that in strict compliance with § 3409(c), plaintiff filed a written notice of intention on March 18, 1980. Memorandum of Plaintiff, Exhibit 1. Receipt of that written notice was acknowledged by the Office of the Governor by a letter dated April 1, 1980. Id., Exhibit 2. By timely filing the notice of intention, plaintiff was thereby afforded until January 18, 1982, to file her "claim" with the Office of the Governor, a mandatory prerequisite to the recovery of any legal judgment arising out of the acts of which the claimant complains. See, e.g., Mercer v. Government, 18 V.I. 171 (Terr. Ct. 1982) (Hodge, P.J.); Dublin v. Virgin Islands Telephone Corporation, 15 V.I. 214, 234 (Terr. Ct. 1978).

Although plaintiff filed the above captioned civil action within the final hours of the two-year period contemplated by the Act, she failed to file her administrative "claim" within the prescribed time period. It is that failure which forms the basis of the instant motion to dismiss and which presents the question of whether the failure of a torts claim plaintiff to have timely filed an administrative "claim" in accordance with §§ 3409 and 3410 requires dismissal of a subsequently filed lawsuit even where a "notice of intention" to file a claim had been timely and properly filed.

█ Plaintiff argues in essence that the timely[1] filing of the lawsuit is the functional equivalent of the filing of a "claim", that, in

---

[1] Although the Tort Claims Act sets forth the time limits for filing of the notice of intention and the administrative claim, it is silent on any limitations for the filing of a civil action. Accordingly, the filing of tort suit against the Government

this case, service of the summons and complaint gave notice in the same manner in which the filing of an administrative claim would have done, particularly since plaintiff had already timely filed her "notice of intention." It is true that the Act makes exhaustion of the prescribed administrative remedies a prerequisite to the recovery of a "judgment," and not a prerequisite to the *filing* of a lawsuit. Thus it has been a proper practice in this jurisdiction since the enactment of the Torts Claim Act in 1973 for claimants to file their lawsuit simultaneously with or shortly after the timely filing of their claim or notice of intention with the Governor. However, since its enactment, the Act has been construed to require a filing with the Governor "in *addition* to, rather than in lieu of, the ordinary legal proceedings." Richards v. Government, 10 V.I. 6, 8 (D.V.I. 1973).[2] (Emphasis added.) Thus the filing of a lawsuit with the Clerk and subsequent service of process on the Department of Law, even if timely, will not constitute the filing of a "claim" with the Office of the Governor as set forth in § 3410.

■ ■ Even if a tort complaint might, in some instances, be deemed to be equivalent to the administrative "claim" contemplated by Tort Claims Act, it is obvious that, in the present case, plaintiff neglected to serve her summons and complaint on one of the two parties to whom service of the "claim" is expressly required, namely, the Office of the Governor. The requirements of service and of notice contained in the Act are not merely hollow formalities, but rather serve to achieve the Act's strong underlying policy in favor of adjusting tort claims filed against the Government without resort to litigation. Indeed if the Act were to permit service of a summons on

---

"is governed by the general statute of limitations" set forth in 5 V.I.C. § 31(5)(A). Mercer v. Government, supra, at 175, n.3 (two-year limitation on tort actions). However, the date on which a tort action against the Government is deemed to have accrued for purposes of the general statute of limitations remains unsettled. Under established principles of administrative law, an action would not be considered to have accrued until the date on which the claimant was advised of an adverse "final" determination by the administrative body. See, K. C. Davis, Administrative Law Treatise § 20.20 (Supp. 1982).

[2] In Richards, Judge Young addressed the confusion engendered by the word "claim" set forth in §§ 3409(c) and 3410. Apparently in the period immediately following the enactment of the Tort Claims Act, many practitioners believed that the filing of *either* an administrative request with the Governor *or* a civil complaint with the Court would meet the statutory definition of a "claim". The Court expressly rejected that interpretation, holding that the prescribed procedures for notice to the Office of the Governor were separate and distinct requirements which could not be met solely by service of a summons and complaint, even if accomplished in a timely manner.

the Attorney General as a substitute for the filing of a claim with the Governor, it would foreclose the very administrative remedies which it was enacted to promote. As the Territorial Court has recently put it, it would "strain[] [the] imagination to construe the service of the complaint on . . . the Attorney General as constituting [the] 'filing of the claim' and 'service of the claim' under § 3409. . . ." Mercer v. Government, supra, at 180. Where a Tort Claims Act plaintiff has failed to strictly comply with all of the administrative requirements set forth in the Act, the Court is precluded from entering judgment in favor of plaintiff and is therefore compelled to dismiss the action for lack of subject matter jurisdiction. George v. Boynes, 13 V.I. 582 (D.V.I. 1977); Quailey v. Government, 12 V.I. 463 (D.V.I. 1975); Mercer v. Government, supra.

■ ■ However, in the present case, plaintiff did fully and promptly comply with the first of the two-step administrative procedure set forth in the Act by timely filing her written "notice of intention." Defendants argue that plaintiff was nevertheless required, as a condition to bringing her lawsuit, to fully execute the second administrative step contemplated by the Act—namely, filing of the formal "claim" within the two-year period. Although service of a summons and complaint may not suffice as a "claim" within the definition of the Act, it would nevertheless seem unnecessarily harsh to dismiss a timely filed lawsuit against the Government where there has been substantial compliance with the administrative prerequisites and where prompt notice of the claim to those Government officials designated by the Act to be notified has thereby been accomplished.[3] Indeed the Act's goal of affording the appropriate

---

[3] The posture of the case at bar illustrates the central anomaly posed by the scheme set forth in the Virgin Islands Tort Claims Act. Suppose a claimant, unable to determine the exact extent of the injuries allegedly inflicted by the Government or its agents, chooses to timely file a "notice of intention" with the Office of the Governor in accordance with § 3410. He intends thereafter to solely pursue the administrative avenues which the Act seemingly encourages. Under the Act he has two years from the date on which his claim had accrued in which to file his formal "claim" with the Governor. However, he also, presumably, is required by the general statute of limitations, 5 V.I.C. § 31(5)(A), to file within that same period any *lawsuit* arising out of the Government's denial or neglect of his tort claim. See, Mercer v. Government, supra, at 175, n.3. If the formal administrative "claim" is filed toward the end of the two-year period permitted by § 3409(c), and the Government fails thereafter to satisfy the claim, the putative plaintiff may find himself precluded by the statute of limitations from seeking any judicial relief with respect to his tort claim. Moreover, after the lapse of the two-year period he may not even be able to take advantage of the lenient "savings" provision contained in paragraph 2 of § 3409(c) which permits a waiver of the administrative limits by leave of the Court, but only at a time "within two years". See,

government officials ample opportunity to investigate the allegations of a claimant and otherwise assess the Government's probable liability may in some instances be accomplished just as efficaciously by the ninety-day filing of the "notice of intention" as by the supplemental filing of the "claim". As previously noted, the two filings described in § 3410 are to contain identical information, except that the preliminary notice of intention need not set forth the extent of injuries or the sum of damages claimed. Therefore, in many instances there may be no practical reason whatsoever to require a claimant who has timely notified the Office of the Governor about the time, place and nature of the alleged injuries to merely amend the previously filed notice of intention to include, what is in effect, an ad damnum clause.[4]

The New York courts, in applying the statute upon which our Torts Claims Act is in part modeled, see Dublin v. Virgin Islands Telephone Corp., supra at 221, have held that the timely filing of a "notice of intention" will be deemed a "claim" within the definition of the Act, where the written notice complied strictly with the statutory requirements, was not misleading and where the claimant's failure to have timely filed the formal claim with the prescribed government officials did not cause substantial prejudice to the government. See, e.g., Otis Elevator Co. v. State of New York, 383 N.Y.S.2d 920, 922 (App. Div. 1976); Barski v. State of New York, 350 N.Y.S.2d 762, 764 (App. Div. 1973); and McCabe v. State of New

---

Van Putten v. Alexis, 19 V.I. 265 (D.V.I. 1982); Dublin v. Virgin Islands Telephone Corp., supra at 233, n.19. Thus, the time and notice requirements of the Act which are meant to promote an expeditious resolution of tort claims may in reality serve to deny the claimant any remedy whatsoever.

[4] Under the New York Court of Claims Act, N.Y. Judiciary Law §§ 8–12 (McKinney 1981), from which the Virgin Islands Tort Claims Act has in part sprung, the distinction between the "notice of intention" and the "claim" is more critical as the "claim" must be filed with *both* an administrative entity (the state Attorney General) *and* an adjudicative body (the Clerk of the State Court of Claims). Id. § 11. Thus, the "claim", as defined by the New York statute, is in fact a civil complaint. By contrast, the Virgin Islands Tort Claims Act permits, but does not expressly authorize such a dual filing, see, e.g. Richards v. Government, supra at 8, since the only entities with which a "claim" must be filed are the Offices of the Governor and the Attorney General. Indeed, while the Virgin Islands Act waives the immunity of the Government from tort liability, § 3408, it neglects to expressly create a cause of action or otherwise set forth procedures for the filing of such an action with either the District Court or the Territorial Court. Thus, while the requirement of a two-year ad damnum "claim" is consistent with the authorization of a legal cause of action found in the New York Act, it appears to be a burdensome and needless exercise in the context of the purely administrative prerequisites set forth in § 3410 of the Virgin Islands Act.

York, 296 N.Y.S.2d 840 (Ct. Cl. 1969). "A substantial compliance with the statute is all that is required. If the claim or notice of intention . . . is sufficiently definite to inform the officers of the state of the time and cause of claimant's injuries or damages, it should be upheld." Anrad Construction Corp. v. State of New York, 263 N.Y.S.2d 454, 458 (Ct. Cl. 1965).

■ ■ For the foregoing reasons, we conclude that where a claimant proceeding under the Virgin Islands Tort Claims Act has timely filed a notice of intention in accordance with §§ 3409 and 3410, and has thereafter filed a related lawsuit within the two-year general limitations period, that claimant may seek leave of the Court to have that notice deemed a "claim" within the meaning of those sections. Such relief will be afforded, nunc pro tunc, upon a sufficient showing that the Government has not been unduly prejudiced by the failure of the claimant to timely serve a "claim" with the Office of the Governor. Accordingly, the present action will be dismissed without prejudice to plaintiff seeking such relief.[5]

### ORDER

The premises considered and the Court being fully advised,

IT IS ORDERED that the motion of the Government to dismiss be, and the same is hereby, GRANTED;

IT IS FURTHER ORDERED that the above captioned act be, and the same is hereby, DISMISSED WITHOUT PREJUDICE.

---

[5] It should be noted further that the dismissal of a Virgin Islands Tort Claims Act complaint for failure to exhaust administrative remedies does not per force bar a federal civil rights action brought in accordance with 42 U.S.C. § 1983. The U.S. Supreme Court has recently reaffirmed the principle that exhaustion of state administrative remedies is not prerequisite to an action brought under the terms of § 1983. Patsy v. Board of Regents, 50 U.S.L.W. 4731 (June 22, 1982). See also, Moorhead v. Government, 542 F.Supp. 213, 214 (D.V.I. 1982) (exhaustion of administrative remedies afforded employees of the Virgin Islands Government not a prerequisite to an action under 42 U.S.C. § 1983).