**GEORGE HARLEY, as next friend and Guardian of
DAVID HARLEY, A Minor, Plaintiff**

v.

**GOVERNMENT OF THE VIRGIN ISLANDS,
DEPARTMENTOF EDUCATION, Defendant**

Civil No. 681/1982

Territorial Court of the Virgin Islands

Div. of St. Croix at Christiansted

October 13, 1982

G. Luz A James, Esq., Christiansted, St. Croix, V.I., *for plaintiff*

Lary Ratliff, Esq., Assistant Attorney General (Department of Law, Civil Division), Christiansted, St. Croix, V.I., *for Government*

PETERSEN, *Judge*

## MEMORANDUM OPINION
## I. INTRODUCTION

This case involves a question of whether or not this Court lacks subject matter jurisdiction over a claim filed under the Virgin Islands Tort Claims Act, 33 V.I.C. §§ 3408–3415 (1981 Supp.) (Act), due to the alleged failure of George Harley, the plaintiff, to comply with the procedural provisions of the Act. The defendant Government of the Virgin Islands has moved to dismiss the complaint on the ground that plaintiff's failure to meet the Act's procedural requirements deprives this Court of subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure, and that, as a result, plaintiff fails to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The issues presented in this case can be stated as follows: (1) Has the plaintiff complied with the procedural provisions of the Virgin Islands Code Tort Act; and (2) if not, does the plaintiff meet the requirements of the special statutory exception which would allow the presentation of a late claim in the Court's discretion. For the following reasons, this Court concludes that the defendant's motion to dismiss must be granted.

## II. FACTS

On October 29, 1981, David Harley, a minor, was allegedly burned on his left forearm. A schoolmate at the Juanita F. Gardine Elementary School in Christiansted, St. Croix, while in the schoolyard during recess, swung a full bottle of acid which had been found near the maintenance shop, causing drops of acid to land on David's arm. The complaint further states that the defendant's maintenance employees were negligent in leaving a dangerous substance where it could be readily accessible to schoolchildren.

The plaintiff filed a notice of intention to file a claim, dated November 25, 1981, with the Governor. On July 23, 1982, the plaintiff filed a "Motion for Leave of Court to Supplement Notice of Intention to File a Claim" and an accompanying affidavit. On August 3, 1982, the plaintiff filed his complaint in this Court. The defendant filed a motion in opposition to plaintiff's motion for leave to supplement notice of intent on August 24, 1982, and thereafter, on August 26, 1982, filed a motion to dismiss plaintiff's claim.

## III. DISCUSSION

As of November 15, 1971, the Virgin Islands Legislature has

230

determined that the Government's sovereign immunity against Tort Claims would be waived to the extent of $25,000.00 per claim. 33 V.I.C. §§ 3408–3415 (1981 Supp.). "That waiver, however, was not unconditional, and one desiring to proceed under the Act must strictly adhere to the procedural requirements of the statute before he or she may press a demand under the law." V.I. Telephone Corp. v. Government, 13 V.I. 405, 406 (Terr. Ct. St. T. & St. J., 1977). The first issue to be resolved is whether or not the plaintiff has adhered to these procedures. Title 33, § 3409(c) states, in pertinent part,

> a claim to recover damages for injuries to property or for personal injury caused by the tort of an officer or employee of the Government of the Virgin Islands while acting as such officer or employee, shall be filed within ninety days after the accrual of such claim unless the claimant shall within such time file a written notice of intention to file a claim therefor, in which event the claim shall be filed within two years after the accrual of such claim.

 If a written notice of intention is properly filed, then, the plaintiff has a statutory right to bring his claim within two years. The written notice of intention to file a claim was acknowledged by the Governor's Office on December 8, 1981. Although no *claim* was filed within the 90 days prescribed by the statute, the *notice of intent* was filed within 90 days. Therefore, it would appear, without further inquiry, that the plaintiff has complied with 33 V.I.C. § 3409(c). However, with regard to the notice of intention to file a claim, 33 V.I.C. § 3410 provides further:

> The claim or notice of intention shall be filed in the Office of the Governor and a copy shall be served upon the Attorney General and a written receipt therefor shall be issued with the date of filing indicated thereon. The claim shall state the time when and the place where such claim arose, the nature of same, and items of damage or injuries claimed to have been sustained and the total sum claimed. The notice of intention to file a claim shall set forth the same matters except that the items of damage or injuries and the sum claimed need not be stated. The claim and notice of intention to file a claim shall be verified.

Thus, in order for a notice of intention to be proper, thereby triggering the *automatic* two-year extension of time within which the plaintiff's claim may be filed under § 3409(c), it must state the time when and place where the claim arose, as well as the nature of the claim.

Plaintiff's notice of intention does not meet any of these § 3410 requirements. As such, it is not a proper notice of intention, and it cannot be said that the plaintiff has strictly adhered to the procedural provisions of the first paragraph of § 3409(c). The August 3, 1982, complaint cannot then be based on that portion of § 3409(c) which allows the plaintiff to bring his claim within two years of accrual as of right.

■ On July 23, 1982, the plaintiff filed a "Motion for Leave of Court to Supplement Notice of Intention to File Claim" in an apparent attempt to conform his notice of intent to the requirements of § 3410 of the Tort Claims Act. This motion comes almost nine months after the accrual of the claim. The plaintiff would have this motion relate back so that a proper notice of intent will have been filed within the 90-day period required by § 3409(c). To permit this late supplement to the notice of intent would defeat the purpose of the statute. Section 3409(c) states that a claim must be filed within 90 days of the accrual of the claim, unless *"within such time"* (90 days), a written notice of intent is filed. In referring to § 3409(c), Judge Young, in Quailey v. Government, 12 V.I. 463, 466 (D.C.V.I. 1975), stated: "It can be seen that this 90 day period effectively constitutes a rather short statute of limitations." To allow this plaintiff to supplement his notice of intent six months after the 90 day period for filing has elapsed, so that it will comply with § 3410, would effectively wipe out any "short statute of limitations" established by the Legislature. Plaintiff's motion to supplement notice of intent must, therefore, be denied.

■ ■ Although the plaintiff cannot file his claim *as of right* within two years after its accrual under the provisions of the first paragraph of § 3409(c), this Court has the discretionary authority to still allow the filing of a late claim within two years after accrual by way of the second paragraph of § 3409(c). In Mercer v. Government, 18 V.I. 171 (Terr. Ct. St. T. & St. J. 1982), Judge Hodge analyzed this portion of § 3409(c), explaining that it included:

> The court's discretionary power to permit the filing of a late claim within two years after the accrual thereof or within two years after the decedent's death, after proper and timely application is made and after the following conditions are met:
> (a) A motion for permission to file a late claim must be filed by the late claimant.

(b) Affidavit(s):
 (1) Must accompany motion.
 (2) Must state reasonable excuse.
 (3) Must show Government had timely and actual knowledge of the incident.
(c) The proposed claim:
 (1) Must accompany motion.
 (2) Must contain all § 3410 information.
(d) Prejudice to Government:
 (1) If substantial, motion must be denied.
 (2) If not substantial, motion may be granted.
(e) Legal disability of claimant:
 (1) If so, claim may be presented two years after disability removed.
 (2) If not, motion may be granted.

Applying these statutory requirements as set forth by Judge Hodge to the plaintiff's course of action, it becomes apparent that the plaintiff has not complied with the statutorily prescribed procedure. The statute calls for a motion for permission to file the late claim. Plaintiff here has filed no such motion, thus he has not made "proper and timely application" which Judge Hodge stated is a threshold condition. Even if this Court, looking at matters in a light most favorable to the plaintiff, were to construe plaintiff's motion for leave to supplement notice of intention as a motion for permission to file a late claim, plaintiff's motion still must be denied and defendant's motion to dismiss still must be granted. The plaintiff has not established a "reasonable excuse" for his failure to comply with § 3410 and file a proper notice of intention. Plaintiff's affidavit merely states that the required information was "inadvertently" omitted. In light of prior case law, inadvertence is not a reasonable excuse. In In re Steele, 9 V.I. 332 (D.C.V.I. 1973), the claimants had been arrested and taken to police headquarters. The claimants alleged that they were the victims of brutality and assaults during their interrogation. The claimants sought to proceed against the Government to recover for the alleged tortious conduct of the police, but they had failed to comply with the provisions of the Tort Claims Act. In finding reasonable excuse, Judge Young noted that the claimants were preoccupied with the criminal prosecution, were indigent, and they were in jail for pretrial detention and were thus restricted in exploring civil remedies. Compared to this, the present plaintiff's "inadvertence" does not measure up. In St. Clair Prince v. Government, Civil No.

233

76/1974 (D.C.V.I. Div. St. T. & St. J. 1976), Judge Christian commented: "The bare allegation that one is 'unaccustomed to the laws of the Virgin Islands' is not, in my view, enough to constitute a reasonable excuse." Also, in V.I. Telephone Corp. v. Government, supra, at 408, Judge Feuerzeig held that a statement in an affidavit that the plaintiff's director "operated under the impression that the issue could be resolved without litigation" did not amount to reasonable excuse. As stated by Judge Young in George v. Boynes, 13 V.I. 582, 584 (D.C.V.I. 1977), "Nearly four years [now nine] have passed since the Court's holdings in Richards, Henry and Simon [cases allowing amended pleadings due to the relative newness of the Tort Claims Act]. No excuse can now be proffered for non-compliance with the clear and simple requirements set forth in the Tort Claims Act." And in Yeamans v. Snook, 15 V.I. 129, 147 (D.C.V.I. 1979), the plaintiff failed to verify the notice of intent as required by § 3410. In holding that the plaintiff had established reasonable excuse to allow a late claim to be filed, Judge Christian reasoned that, at the time of the improper filing, the case was still being investigated, the plaintiff was unavailable, and plaintiff's attorney incorrectly thought that only the plaintiff herself could verify the notice. The Court went on to state, "the fact that plaintiff made every effort short of verification to properly notify the Government in itself tends to give substance to her 'reasonable excuse' claim." It would seem to this Court, then, that the simple statement that the plaintiff's failure to comply with the procedural requirements of the Tort Claims Act was "inadvertent" does not amount to reasonable excuse. For this reason alone, i.e., failure to show reasonable excuse, the defendant's motion could be granted and the action dismissed for, as Judge Feuerzeig stated in V.I. Telephone Corp. v. Government, supra, at 407, "the requirements of subsection (c) of § 3409 clearly are not stated in the alternative but rather in the conjunctive. Thus, before this Court can exercise its discretion and grant leave to file the complaint against the government, all three criteria must be met." However, it should be noted that the plaintiff has failed to meet the other two requirements, stated in the second paragraph of § 3409(c), necessary for the filing of a late claim.

■ In § 3409(c), the second requirement is that the Government or appropriate agency have "*actual* knowledge of the *facts* constituting the claim" within 90 days of its accrual (emphasis added). It cannot be argued that the notice of intention to file a claim, dated November 25, 1981, has given the Government actual knowledge of

234

any facts. Since this notice did not comply with § 3410 which, if met, *does* give the Government knowledge of the facts, the notice is a nullity. Even if the fact that the notice did not comply with § 3410 is disregarded, it still does not give the Government actual knowledge of any facts. The notice only contains the claimant's name and address and a statement that the Government employees were negligent in "placing acid in a bottle and leaving same in the playground occupied by little five and six year children." Such a statement does not supply any "facts constituting the Claim."

■ The third condition allowing a late claim is a lack of substantial prejudice to the Government. Since the Government did not have actual knowledge of the facts within 90 days of the accrual of the claim, it cannot be summarily concluded that the Government will not be prejudiced if this late claim were allowed. The plaintiff argues, in the affidavit accompanying his motion, that the Government had knowledge of the facts and would not be prejudiced since records substantiating the incident were in the possession of the Charles Harwood Memorial Hospital and thus the Government's Department of Health. This argument fails for a number of reasons. This Court takes notice of the statement by Judge Young in In re Steele, supra, at 337, that "it is clear under our statute that the knowledge of the government may be that of 'any appropriate department or agency.'" However, the plaintiff has failed to show that this hospital record, if there is one, contains sufficient information to give the Government "actual knowledge of the facts constituting the claim." Nor has the plaintiff shown that the Department of Health or the Department of Education had ordered an investigation of the incident, which would establish knowledge. Nor has it been shown that the Department of Health is the appropriate department for purposes of charging the Government with knowledge in this case. This Court is loath to allow the plaintiff's naked assertion of knowledge on the part of, and lack of prejudice to the Government to derogate from "the strong policy of this jurisdiction that tort actions against the Government are to be filed promptly and prosecuted diligently." Dublin v. V.I. Telephone Corp., 15 V.I. 214, 233–34 (Terr. Ct., Div. St. T. & St. J. 1978).

■ In order for this Court to exercise its discretion favorably for the plaintiff and allow him to file his claim late, all requirements of the second paragraph of § 3409(c) must be met. This the plaintiff has not done. This Court has no choice but to grant defendant's motion to dismiss. However, the defects in the plaintiff's manner of

proceeding in this case are curable. It should be noted initially that the plaintiff never filed a motion for permission to file a late claim. As this claim arose on October 29, 1981, the time for filing said motion, pursuant to § 3409(c), has not yet passed. It should also be noted that the plaintiff did not file any written opposition to the defendant's motion to dismiss, nor did he seek leave of this Court to amend his motion or complaint so as to correct the previously mentioned defects. Had plaintiff done so, the Court would have been able to properly exercise its discretion and determine whether or not plaintiff should be allowed to file a late claim. Taking into consideration all pleadings and motions, filed in this action at this time this Court is compelled to dismiss this action without prejudice.

## CONCLUSION

For the foregoing reasons, plaintiff's motion for leave of court to supplement notice of intention to file claim will be DENIED, and the defendant's motion to dismiss will be GRANTED, but without prejudice to plaintiff's properly filing a motion for permission to file a late claim, if it can, in accordance with 33 V.I.C. § 3409(c).

## ORDER

For the reasons stated in the accompanying opinion, it is hereby

ORDERED that the plaintiff's motion for leave of court to supplement notice of intention to file claim is DENIED, and the defendant's motion to dismiss is GRANTED, said dismissal to be without prejudice.