**ROSE PICKERING, Plaintiff**

**v.**

**RUPERT DAVID and the GOVERNMENT OF THE VIRGIN ISLANDS, Defendants**

Civil No. 469/1986

Territorial Court of the Virgin Islands

Div. of St. Thomas and St. John

August 22, 1986

106

Rose Pickering, St. Thomas, V.I., *plaintiff, pro se*

Edward A. Wascoe, Assistant Attorney General (Department of Law), St. Thomas, V.I., *for defendants*

FEUERZEIG, *Judge*

## MEMORANDUM OPINION

The plaintiff, Rose Pickering, has moved, pursuant to 33 V.I.C. § 3409(c) (Supp. 1985), for permission to file a tort claim against the defendant Virgin Islands Government (Government) despite the passage of more than 90 days since the accrual of the claim. The Government opposes the motion, and asks that the complaint as to it be dismissed, contending that the plaintiff has failed to provide a reasonable excuse for her tardiness and because she has failed to demonstrate that the Government had timely and actual notice of the claim. The plaintiff's motion will be denied and the complaint against the Government will be dismissed for lack of subject matter jurisdiction.

I

Plaintiff's complaint and motion, filed on June 23, 1986, alleges that on October 18, 1985, she was forcibly evicted from a building by the defendant Rupert David, a police officer then employed by the Government and acting within the scope of his employment. The plaintiff further alleges that David used excessive force to effect the eviction and injured her. Plaintiff's motion, apparently prepared without the benefit of counsel, urges the court to exercise the discretion granted by 33 V.I.C. § 3409(c) and allow the filing of her claim against the Government even though more than 90 days have passed since her claim accrued.[1] The plaintiff requests the court's indulgence because she was ignorant of the filing constraints imposed by section 3409 and because she assumed that she must wait until a related criminal charge against her was terminated.

---

[1] The plaintiff's complaint fails to allege the Virgin Islands Tort Claims Act as a jurisdictional basis. The court, nonetheless, will address her motion.

## II

Section 3409 of the Virgin Islands Tort Claims Act (VITCA), 33 V.I.C. § 3408 et seq. (Supp. 1985), sets out the applicable filing requirements.[2] Subsection (c) of section 3409 requires tort claims against the Government to be filed within 90 days after the accrual of the claim unless the claimant elects to file a notice of intention during that time.[3] Subsection 3409(c) also grants the court discretion, within two years after the accrual of the claim, to allow a claimant who has failed to comply with the 90-day filing provision to file a claim. This discretion, however, may only be exercised when the claimant meets certain conditions. Initially, she must show a reasonable excuse for the delay and that the Government had timely and actual knowledge of the incident. The proposed claim must accompany the motion and must contain all the information required by 33 V.I.C. § 3410.[4] Finally, the court

---

[2] No judgment shall be granted in favor of any claimant unless such claimant shall have complied with the provisions of this section applicable to his claim:

. . .

(c) a claim to recover damages for injuries to property or for personal injury caused by the tort of an officer or employee of the Government of the Virgin Islands while acting as such officer or employee, shall be filed within ninety days after the accrual of such claim unless the claimant shall within such time file a written notice of intention to file a claim therefor, in which event the claim shall be filed within two years after the accrual of such claim.

A claimant who fails to file a claim or notice of intention, as provided in the foregoing subsections, within the time limited therein for filing the notice of intention, may, nevertheless, in the discretion of the court, be permitted to file such claim at any time within two years after the accrual thereof, or in the case of a claim for wrongful death within two years after the decedent's death. The application for such permission shall be made upon motion based upon affidavits showing a reasonable excuse for the failure to file the notice of intention and that the Virgin Islands or its appropriate department or agency had, prior to the expiration of the time limited for the filing of the notice of intention, actual knowledge of the facts constituting the claim. The claim proposed to be filed, containing all of the information set forth in section 3410 of this title, shall accompany such application. No such application shall be granted if the court shall find that the Government of the Virgin Islands has been substantially prejudiced by the failure of the claimant to file such notice of intention within the time limited therefor. But if the claimant shall be under legal disability, the claim may be presented within two years after such disability is removed.

[3] The plaintiff makes no assertion of having filed a notice of intention.

[4] The plaintiff's motion is not accompanied by the requisite proposed claim, but requests that her complaint be treated as the claim. Although previously the practice would have been unacceptable, see Pickering v. Government, 19 V.I. 271, 274 (D.V.I. 1982), the Third Circuit recently concluded that "where a complaint is timely filed under the Tort Claims Act with the proper parties having been served and contains all of the necessary substantive requirements— which include a statement as to when the claim arose, a statement as to where

must find the absence of substantial prejudice to the Government.

■ The plaintiff proffers alternative excuses for her dilatoriness, none of which the court finds reasonable. First, Pickering claims that she mentioned her intention to sue the Government to the attorney she had retained to defend her against the criminal charges stemming from the same incident that is the basis of this action. Second, she claims that "she . . . believed that her attorney in the . . . criminal matter intended to represent her in .[the] subsequent civil action, but the attorney did not so intend." [5] It is unfortunate that the plaintiff was unable to effectively communicate with her retained counsel, but her failure to clearly communicate her wishes, under the circumstances here, can hardly be considered a reasonable excuse.

The primary thrust of plaintiff's motion is that "she believed that the appropriate time to commence a civil action was after the termination of her criminal case" and that she "was at all relevant times ignorant of the 90-day notice-of-claim prerequisite." The plaintiff's claim of legal ignorance, however, is belied by her own artful preparation of the documents in this case. Although she appears pro se, the plaintiff is no stranger to coûrt proceedings. The court's records reveal that in the last several years alone she has been in no less than seven civil cases.[6] More importantly, her claim of ignorance is rendered questionable by the fact that this is not the plaintiff's first exposure to the filing requirements of · subsection 3409(c). In fact, one of plaintiff's efforts to utilize the VITCA had the precise effect of adding to the body of case law

---

the claim arose, a statement as to the nature of the claim and items of damage or injuries as well as the sum claimed, and a verification—the complaint suffices as a 'claim' under the meaning ascribed to that term in the Tort Claims Act." Albert v. Abramson's Enterprises, Inc. and Government of the Virgin Islands, Civil No. 85-3236. slip op. at 7 (3d Cir. April 28, 1986). As the plaintiff's complaint contains the information necessary to provide the Government with adequate notice of the claim, the complaint is properly submitted as her proposed claim.

[5] The affidavit of plaintiff's criminal counsel indicates that she mentioned her intention to sue, but never "directly asked [him] to bring such an action until long after the . . . 90-day period had passed."

[6] See Eva Morris v. Rosephine Pickering, S.C. 357-86 (Terr. Ct., Div. St. T. & St. J.); Raymond Todman v. Rose Pickering, Civil No. 672-85 (Terr. Ct., Div. St. T. & St. J.); Raymond Todman v. Rose Pickering, Civil No. 799-84 (Terr. Ct., Div. St. T. & St. J.); Rose Pickering v. Vivian Woodley, Civil No. 728-82 (Terr. Ct., Div. St. T. & St. J.); Rose Pickering v. Kenneth Turnbull, Civil No. 163-78 (Terr. Ct., Div. St. T. & St. J.); and Rose Pickering v. Raymond Todman, Civil No. 268-77 (Terr. Ct., Div. St. T. & St. J.).

interpreting its filing requirements. See Pickering v. Government, 19 V.I. 271 (D.V.I. 1982).

That case was dismissed by the District Court of the Virgin Islands because of Pickering's failure to file a formal claim against the Government within two years after accrual of her claim. The court stated, however, that since the plaintiff had substantially complied with section 3409's 90-day provision by filing a timely notice of intention she could, after dismissal, seek leave of court to have the filing of the lawsuit be deemed a claim nunc pro tunc. In view of the plaintiff's previous exposure to and compliance with the 90-day provision of section 3409, albeit with the aid of counsel, her present claim of ignorance lacks merit. Moreover, "[s]ince the Act has been in effect for approximately [15] years, neither its novelty nor its complexity can now be accepted as an excusable basis for noncompliance." Mercer v. Government, 18 V.I. 171, 172 (Terr. Ct. 1982). In addition, the court finds Pickering's claim of ignorance to be tantamount to the plaintiff's claim of inadvertence in Harley v. Government, supra. It also is not dissimilar to the plaintiff's action in St. Clair Prince v. Government, Civil No. 76/1974 (D.V.I. April 1976), in which Chief Judge Christian commented: "The bare allegation that one is 'unaccustomed to the laws of the Virgin Islands' is not in my opinion enough to constitute a reasonable cause."

Although rigorous compliance with the procedural requirements of the VITCA initially was not demanded, with the passage of time strict adherence has become the rule. Compare Richards v. Government, 10 V.I. 6 (D.V.I. 1973), and Henry v. Government, 10 V.I. 227 (D.V.I. 1973), with Mercer v. Government, 18 V.I. 171 (Terr. Ct. 1982); Harley v. Government, 18 V.I. 228 (Terr. Ct. 1982), Dublin v. Virgin Islands Telephone Corp., 15 V.I. 214 (Terr. Ct. 1978), and V.I. Telephone Corp. v. Government, 13 V.I. 405 (Terr. Ct. 1977).

The waiver of immunity by the Virgin Islands as provided for by the VITCA is not absolute. Indeed, the same statute that waives the Government's immunity from suit, 33 V.I.C. § 3408, is expressly conditioned upon a claimant's compliance with the VITCA's procedural requirements. "[O]ne desiring to proceed under the Act must strictly adhere to the procedural requirements of the statute before he or she may press a demand under the law." Virgin Islands Telephone Corp. v. Government, 13 V.I. 405, 406 (Terr. Ct. 1977); Harley v. Government, 18 V.I. 228, 231 (Terr. Ct.

110

1982); see also Mercer v. Government, supra at 175. "Where a Tort Claims Act plaintiff has failed to timely comply with all of the administrative requirements set forth in the Act, the court is prevented from granting judgment in favor of the plaintiff and is therefore compelled to dismiss for lack of subject matter jurisdiction. George v. Boynes, 13 V.I. 582 (D.V.I. 1977); Quailey v. Government, 12 V.I. 463 (D.V.I. 1975); Mercer v. Government, supra." Pickering v. Government, supra, 19 V.I. at 275.

The court having determined that the plaintiff has failed to establish a reasonable excuse for failing to comply with the 90-day filing provision of section 3409, there is no need to consider the additional factors of actual knowledge by and lack of prejudice to the Government. This is because "[t]he requirements of subsection (c) of § 3409 clearly are not stated in the alternative but rather in the conjunctive. Thus, before this court can exercise its discretion and grant leave to file the complaint against the Government, all three criteria must be met." Virgin Islands Telephone Corporation v. Government supra, 13 V.I. at 407. See also Harley v. Government, 18 V.I. 228, 234 (Terr. Ct. 1982).

The court's close scrutiny of the reasonable excuse requirements for noncompliance with the 90-day provision is necessary because "the 90-day notice requirement embodied in 33 V.I.C. § 3409 expresses the strong policy of this jurisdiction that tort actions against the Government are to be filed promptly and prosecuted diligently. Failure to so act will result in the plaintiff being denied access to the courts." Dublin v. V.I. Telephone Corp., 15 V.I. 214, 233–34 (Terr. Ct. 1978). The plaintiff's undeniable familiarity with the filing requirements of section 3409 precludes any protestations to the contrary. Having failed to make the requisite showing of reasonable excuse for not complying with the 90-day filing provision of 33 V.I.C. § 3409(c), her motion must be denied and the case against the Government dismissed.

## ORDER

This court having issued a Memorandum Opinion this date, it is

ORDERED that the plaintiff, Rose Pickering's motion for permission to file a claim against the Government of the Virgin Islands is Denied, and it is further

ORDERED that the plaintiff's complaint against the defendant Government of the Virgin Islands is dismissed.