# ULAN CLARKE, Plaintiff
## v.
# GOVERNMENT OF THE VIRGIN ISLANDS and JOSEPH CLEMENT, Defendant

Civil No. 203/88

Territorial Court of the Virgin Islands

Div. of St. Croix at Kingshill

July 8, 1988

Deana M. Bolling, Esq., St. Croix, V.I., *for plaintiff*

Jeffrey J. Stewart, Esq., Assistant Attorney General, St. Croix, V.I., for *Government*

PETERSEN, *Judge*

## MEMORANDUM OPINION AND ORDER

Plaintiff Ulan Clarke has applied to this Court for permission to file a late claim against the Government of the Virgin Islands (hereinafter Government) for damages allegedly sustained in an accident involving a Government vehicle. The issue presented is whether counsel's error in computing the statutorily prescribed ninety-day filing period is a reasonable excuse for filing a late claim pursuant to 33 V.I.C. § 3409(c). For the reasons stated below, plaintiff's request is denied.

### FACTS

On or about December 21, 1987, at approximately 5:40 a.m., on the Queen Mary Highway, Christiansted, St. Croix, U.S. Virgin Islands, a motor vehicle accident involving Ulan Clarke and Joseph Clement occurred. At the time of the accident, Joseph Clement, operator of the Government vehicle involved, was an employee of the Government attending to the business of his employer.

Plaintiff, Ulan Clarke, filed a Verified Complaint pursuant to 4 V.I.C. § 76 and 33 V.I.C. § 3408 for damages along with a motion to file a late claim on March 25, 1988. Defendant answered the complaint and submitted a Motion to Dismiss on April 11, 1988 for the stated reason that plaintiff failed to comply with the requirements of 33 V.I.C. § 3409. The motion was granted by this Court on April 25, 1988. However, plaintiff responded to the defendant's Motion to Dismiss on May 5, 1988 and on that same day submitted a Motion to Vacate the dismissal Order of April 25, 1988. On June 9, 1988 the dismissal Order was vacated and this Court now considers the Motion to File a Late Claim.

## DISCUSSION

The Government of the Virgin Islands immunity from tort action was waived through legislative enactment in 1971 of the Tort Claims Act. 33 V.I.C. § 3401 et seq. Governmental liability, however, is specifically conditioned upon compliance with the requirements of § 3409 through 3413. Noncompliance can effectively nullify the Government's waiver and consent, thus depriving the Court of subject matter jurisdiction. Mercer v. Government of the Virgin Islands, 18 V.I. 171, 176 (Terr. Ct. St. T and St. J 1982).

Title 33 V.I.C. § 3409(c) enables one to recover damages for injuries to property or for personal injury caused by the tort of an officer or employee of the Government of the Virgin Islands while acting as such officer or employee. However, the claim must be filed within ninety days after the accrual of such claim unless claimant shall within such time file a written notice of intention to file a claim therefor, in which event the claim shall be filed within two years after the accrual of such claim. A claimant who fails to file a claim or notice of intention within the ninety-day limit may, nevertheless, in the discretion of the Court, be permitted to file such claim anytime within two years after the accrual.

The statutory exception for filing a late claim requires an application for permission to be submitted to the Court showing that (1) there is a reasonable excuse for failure to file a notice of intention; (2) the Government had actual knowledge of the facts constituting the claim prior to the expiration of the time limited for filing a notice of intention; and (3) the Government has not been substantially prejudiced by the claimant's failure to file such notice of intention within the time limits. 33 V.I.C. § 3409(c).

30

Plaintiff has offered an affidavit by his counsel, Deana M. Bolling, asserting that through mistake, error or inadvertance his counsel miscalculated the statutorily prescribed filing period as five days later than the actually accrued ninety-day limitation. Counsel further contends that such computation error is a reasonable excuse within the meaning of 33 V.I.C. § 3409(c) whereby this court may grant leave to file a late claim.

■ Plaintiff has properly directed this Court to New York cases. (See Paiewonsky v. Paiewonsky 446 F.2d 178 (3d Cir. 1971) regarding statutory construction of legislation). In Matteo v. State, 203 Misc. 523, 116 N.Y.S.2d 108 (1952) the Court granted plaintiff's motion for leave to file a late claim against the state because plaintiff's error in computing the ninety-day period for filing a notice of intention was excusable neglect. Although Matteo was decided in 1952, some nineteen years before the enactment of the V.I. Tort Claims Act, it must be distinguished from the case at bar. Plaintiff Matteo's failure was in filing the notice of intention to file a claim in the state office within one day after the ninety-day expiration date. In the instant case, plaintiff did not file a notice of intention with the Governor's Office but initiated his lawsuit five days after the ninety-day period. Filing a notice of intention is one of the dual requirements spelled out in § 3409(c) and is a requirement separate and apart from the filing of a complaint. Gonzalez v. Stevens, 19 V.I. 515 (D.V.I. 1983). Further a "claim" and a "complaint" are not the same thing within the meaning of the Tort Claims Act; a "claim," which must be filed in the Governor's Office, is an administrative requirement and a "complaint" commences a civil action. Mercer, 18 V.I. at 174 n.1.

■ The other New York case cited by plaintiff in support of his motion to file a late claim is Killeen v. State, 12 Misc. 2d 89, 174 N.Y.S.2d 1000 (1958). Killeen also involved an error in the attorney's computation of time for filing. However, again, the distinguishing feature in Killeen and the case sub judice is that the claimant Killeen submitted a letter to the state with the essentials of the claim *prior* to the expiration of the ninety-day period. Additionally, plaintiff therein did file a Notice of Intention although it was one day late. In contrast, plaintiff Ulan Clarke, in the case at bar, did not submit any writing to the Governor's Office of the essentials of the claim prior to filing his complaint and serving the Office of the Governor with the same. Having failed

31

to do so, plaintiff did not substantially comply with the procedural requirements of § 3409(c).

█ Plaintiff Clarke's "Response to Defendants' Supplemental Memorandum" includes an affidavit from his attorney's legal assistant which states, "That we then prepared the necessary papers but were unable to procure Mr. Clarke's signature, due to his illness, until March, 1988, and filed the claim." Hence, an additional reason for filing a late claim. From this affidavit, the Court infers an attempt by plaintiff's counsel to use her client's alleged illness as an additional reason for filing a late claim. However, construction of 33 V.I.C. § 3409(c) requires more than a mere statement of an illness or disability to support its application. See In Re Steele, 9 V.I. 332 (D.V.I. 1973); Connor v. Government of the Virgin Islands, 20 V.I. 100 (Terr. Ct. St. T & St. J 1983); and Quailey v. Government of the Virgin Islands, 12 V.I. 546 (D.V.I. 1975).

While error in computing the filing date has been upheld by New York courts as a reasonable excuse for filing a late claim against the state, the plaintiffs therein had substantially complied with the requirements of the Tort Claims statute; that is, they submitted notice of intention to file a claim prior to filing the claim. In this case plaintiff did not submit any writing to the Government which could be considered a Notice of Intention. As a result, this Court is not inclined to liberally construe the reasonable excuse requirement of § 3409(c) to include miscomputation of the ninety-day filing date. To do so would provide every attorney in the jurisdiction with a loophole for filing late claims against the Government. The attorney in the present case was retained by her client in January, after the December accident and had about two months left within which to file the claim. However, she never filed a claim or a notice of intention with the Office of the Governor.

█ The second requirement of § 3409(c) is that the Government had actual knowledge of the facts constituting the claim prior to the expiration of the ninety-day filing period. Plaintiff argues, in the affidavit accompanying his motion, that the Government had actual knowledge of the facts: its employees, Joseph Clement, the driver of the automobile, and Carlos Ventura, the passenger, were apprised of the claim; furthermore, the police and hospital records as well as the damage to the vehicle presented evidence of the facts. Section 3409(c) requires the Government's "appropriate department or agency" to have actual prior knowledge. Plaintiff has not shown

32

that the Departments of Health and Police are the appropriate departments for purposes of charging the Government with knowledge in this case. However, damage to the vehicle and the employee's notice to the Government of the accident, if reported, would fulfill the requirements of actual knowledge of the facts constituting the claim.

 The Court must address whether the Government has been substantially prejudiced by the claimant's failure to file a notice of intention within the ninety-day time limits of § 3409(c). The strong public policy of the Virgin Islands with respect to tort claims against the Government, as expressed by the ninety-day notice of intention provision of § 3409(c) is to promptly file and prosecute diligently actions against the Government. Van Putten v. Alexis, 19 V.I. 265 (D.V.I. 1982). Further considerations with respect to the Tort Claims Act, specifically 33 V.I.C. § 3409 (filing, service and contents of notice of intention) are not merely to allow formalities, but rather serve to achieve the strong underlying policy of § 3402 in favor of adjusting tort claims filed against the Government without resort to litigation. Pickering v. Government of the Virgin Islands, 19 V.I. 271 (D.V.I. 1982). The nonavailability of witnesses for the Government has been held as a substantial prejudice to the Government. In Re Steele, 9 V.I. 332, 338 (D.V.I. 1973). However, lacking any assertions by the defendant Government of being substantially prejudiced and given the facts on record, this Court does not find that a five-day delay in filing a claim is substantial prejudice.

██ Permission to grant the filing of a claim against the Government after the ninety-day requirement, but within a two-year period, may only be granted if all three requirements of 33 V.I.C. § 3409(c) are met. As emphasized in Harley v. Government of the Virgin Islands, 18 V.I. 228 (Terr. St. C 1982) the requirements of § 3409(c) are stated in the conjunctive and before this Court can exercise its discretion and grant leave to file the complaint against the Government, all three criteria must be met. Id. at 234. Accordingly, this court concludes that although the defendant had actual knowledge of the facts constituting the claim and it has not shown that it will be substantially prejudiced by the filing of this late claim, plaintiff has not presented a reasonable excuse whereby this court may grant him permission to file a late

claim. Accordingly, plaintiff's request for permission to file a late claim is denied.

## ORDER

Pursuant to the attached Memorandum Opinion of even date, plaintiff's request to file a late claim is hereby DENIED.