**ROSE DANIEL, Plaintiff**

v.

**GOVERNMENT OF THE VIRGIN ISLANDS AND DR. MORGAN,
Defendants**

Civil No. 49 & 51/1992

Territorial Court of the Virgin Islands

Div. of St. Croix

May 14, 1992

LEE J. ROHN, ESQ., Christiansted, St. Croix, V.I., *for plaintiff*

JULIO BRADY, ESQ., Christiansted, St. Croix, V.I., *for defendants*

ELTMAN, *Judge*

## MEMORANDUM OPINION

The plaintiff seeks leave to file a notice of tort claim out of time. The motion will be denied.

According to the allegations of the complaint and motion, the plaintiff, Rose Daniel, got a toothpick stuck in her knee on April 15, 1990, and went to the emergency room of the St. Croix Hospital. The defendant Dr. Morgan treated her. When the knee later became swollen and infected and lost flexion, Daniel traveled to New York and had surgery on May 26, 1990, followed by a course of physical therapy. She continued to have pain. On November 21, 1991, she consulted with Dr. Walter Pedersen, an orthopedic surgeon on St. Croix, who told her that she had a degeneration of the knee cartilage and that the knee pain would be permanent.

On January 13, 1992, the plaintiff, through counsel, mailed a notice of claim to the Office of the Governor. On January 14, she filed her complaint in this action, along with a motion for leave to file a notice of claim out of time, pursuant to 33 V.I.C. § 3409(c).[1] On the

_____

[1] 33 V.I.C. § 3409(c):

> [A] claim to recover damages fo.· injuries to property or for personal injury caused by the tort of an officer or employee of the Government of the Virgin Islands while acting as such officer or employee, shall be filed within ninety days after the accrual of such claim unless the claimant shall within such time file a written notice of intention to file a claim therefor, in which event the claim shall be filed within two years after the accrual of such claim.
>
> A claimant who fails to file a claim or notice of intention, as provided in the foregoing subsections, within the time limited therein for filing the notice of intention, may, nevertheless, in the discretion of the court, be permitted to file such claim at any time within two years after the accrual thereof, or in the case of a claim for wrongful death within two years after the decedent's motion based upon affidavits showing a reasonable excuse for the failure to file the notice of intention and that the Virgin Islands or its appropriate department or agency had, prior to the expiration of the time limited for the filing of the notice of intention, actual knowledge of the facts constituting the claim. The claim proposed to be filed, containing all of the information set forth in section 3410 of this title, shall accompany such application. No such application shall be granted if the court shall find that the Government of the Virgin Islands has been substantially prejudiced by the failure of the claimant to file such notice

same day, pursuant to 27 V.I.C. § 166i, Daniel filed a "proposed complaint" with the Medical Malpractice Action Review Committee.

■ In order to prevail on her motion for leave to file a notice of claim out of time, the plaintiff must demonstrate three things: (1) the Government had actual notice of the facts constituting the claim within the initial filing deadline, (2) the Government was not substantially prejudiced by the failure to file a timely notice, and (3) the plaintiff had a reasonable excuse for failure to file within the normal time period. Harley v. Government, 18 V.I. 228 (T.C. 1982). While the "savings" clause of § 3409(c) is interpreted liberally, Van Putten v. Alexis, 19 V.I. 265, 268 (D.C. 1982), the requirement that a notice of claim normally be filed within 90 days reflects a strong public policy in favor of the prompt commencement of tort actions against the Government. Id.

■ Daniel contends that the Government had actual notice of the claim "since its employee committed the malpractice and has had the hospital records since the claim arose." This same argument was considered and rejected by former Chief Judge Christian in Saludes v. Ramos, 21 V.I. 412 (D.C.V.I. 1985). Daniel does not suggest either that the treating physician knew that she or he had mistreated the wound or that the records of the treatment contain any evidence of malpractice. Actual notice of negligence might be inferred, for example, where a public employee is involved in a motor vehicle accident and is ticketed for negligent driving. In this context, however, there is no basis upon which to conclude that the Government had any notice whatever of its physician's alleged negligence until 21 months after the plaintiff was treated.

■ Daniel also has failed to show the absence of substantial prejudice to the Government. Where the Government first received notice of alleged malpractice long after the supposedly negligent treatment occurred and where in the interim there apparently was no cause for it to review the records or to interview any of the participants in the treatment, it is unreasonable to conclude that the Government would not be handicapped in evaluating the claim and preparing a defense at this late date.

---

of intention within the time limited therefor. But if the claimant shall be under legal disability, the claim may be presented within two years after such disability is removed.

Finally, the two affidavits submitted by Rose Daniel in support of her motion do not establish that she had a reasonable excuse for her delay. Her first affidavit, dated January 13, 1992, merely states, in pertinent part: "I did not realize that I was a victim of malpractice until recently. I did not realize the extent of my damages or that they would require surgery until recently." After the defendants filed their opposition to the motion, Daniel submitted a supplemental affidavit referring to a November 21, 1991, visit to Dr. Pedersen: "At that visit I learned that the pain in my right knee would always be with me because I had a degenerative condition of the cartilage. I learned that this had resulted from the earlier septic infection, following Dr. Morgan's treatment, and the surgery which it necessitated." Although Daniel's affidavits do not mention it, her attorney contends in her reply to the defendants' opposition to the motion that, following the April 15, 1990, alleged malpractice at the St. Croix Hospital, the knee became septic and swollen and the plaintiff underwent surgery in New York on May 26, 1990.

■■ Daniel conspicuously fails to state in her affidavits that she did not know that she had been injured by Dr. Morgan's malpractice until she saw Dr. Pedersen in November, 1991. Rather, she only claims that she did not know the full extent of her damages until that late date. It is well-settled that, knowing or having cause to know that she has been the victim of medical malpractice, a claimant may not postpone acting until the full extent of her damages are known. Ciccarone v. U.S., 486 F.2d 253 (3d Cir. 1973); Hulver v. U.S., 562 F.2d 1132 (8th Cir. 1977) cert. denied 435 U.S. 951, 98 S.Ct. 1576, reh. denied 436 U.S. 923, 98 S.Ct. 2275 (1978). Moreover, even if Daniel might contend that she did not know that her knee infection was caused by malpractice, she nevertheless was "armed with facts" which required that she diligently make such inquiry. U.S. v. Hubrick, 444 U.S. 111, 123, 100 S.Ct. 352 (1979); Zeleznik v. U.S., 770 F.2d 20 (3d Cir. 1985).

The defendants have not only opposed the motion to file a notice of claim out of time but have also moved to dismiss the complaint on account of the plaintiff's failure to comply with the mandate of 27 V.I.C. § 166i. That provision requires that a medical malpractice claimant file a proposed complaint with the Medical Malpractice Review Committee before the actual filing of the complaint in court. The Committee has 90 days within which to review the claim. Here, the proposed complaint was filed with the Commis-

sioner of Health on the same day it was filed with the Territorial Court. In view of the denial of the motion for leave to file a late claim, however, the Court need not rule on the defendant's motion to dismiss.

## ORDER

In accordance with the memorandum opinion of even date, it is hereby

ORDERED that the motion for leave to file a late notice of claim, pursuant to 33 V.I.C. § 3409(c), is denied; and it is further

ORDERED that the defendant's motion to dismiss for failure to comply with the provision of 27 V.I.C. § 166*l* is denied as moot.