**HYLLIS WALTERS, Plaintiff**

**v.**

**GOVERNMENT OF THE VIRGIN ISLANDS, Defendant**

Civil No. 950/1991

Territorial Court of the Virgin Islands

Div. of St. Thomas and St. John

June 28, 1994

DIASE, *Judge*

## MEMORANDUM OPINION

Presently pending before the Court are Defendant Government of the Virgin Islands' ("Government") Motion to Dismiss and its Renewed Motion to Dismiss a tort claim against it. Plaintiff Hyllis Walters ("Walters") has filed her opposition to the Government's Motion to Dismiss. These motions require the Court to determine whether the Plaintiff's failure to comply with the Virgin Islands Torts Claims Act, 33 V.I.C. § 3401 et seq., requires dismissal of her medical malpractice claim against the Government. For the reasons which follow, the Government's Motion to Dismiss will be granted.

The following facts are not in dispute. Walters was admitted to the St. Thomas Community Hospital on September 25, 1989 based on her complaints of chest and back pains, as well as a swelling of her left leg. On September 30, 1989, while still in the hospital, Walters fell to the floor as she attempted to go to the bathroom sometime after 3:00 a.m. Later that same morning, at approximately 5:15

a.m., hospital personnel lifted Walters back to her bed. At that time, she complained of severe pain and numbness in her legs. On December 15, 1989, Walters was released from the St. Thomas Hospital.

Upon a recommendation from the St. Thomas Hospital, Walters went to Hospital Pavia in Puerto Rico for further treatment on March 29, 1990. She was subsequently discharged from Hospital Pavia on May 11, 1990. Even after being discharged, Walters remained bedridden through June, 1991.

On July 25, 1991, Walters, through her counsel, filed a complaint with the V.I. Commissioner of Health, Dr. Alfred Heath, in which she alleged that acts of medical malpractice had been committed during her hospitalization. She subsequently filed a verified complaint with this Court on October 24, 1991. Then, on October 30, 1991, she served on both the Governor's office and the Attorney General's office a copy of the summons and the complaint which had been filed with the court.

Walters did not file a "notice of intention to file a claim" with the Governor's office or the Attorney General. Moreover, Walters has not filed a motion for permission to file a late claim with a proposed claim.

In its initial motion to dismiss, the Government argued for dismissal of the complaint based on Walters's failure to file a "notice of intention to file claim" within ninety days of the accrual of the claim, in compliance with the V.I. Tort Claims Act, and her failure to provide the Government with an expert witness report supporting malpractice as demanded in its discovery. In its renewed motion, the Government makes similar assertions: it stresses that the case is now over two and one-half years old and the Plaintiff has still not provided it with an expert opinion setting forth the alleged acts of malpractice.

In response to the Government's motion, Walters asserts that the Government had actual knowledge of her hospitalization and disability during the ninety day statutory filing period for the "notice of intention". She further claims that this prior knowledge prohibits the Government from claiming substantial prejudice and justifies the Court's denial of the Government's motion.

## DISCUSSION

In 33 V.I.C. § 3408, the Government waived its immunity from liability and actions and consented to be liable for property

damage or loss and for personal injury or death caused by a government employee acting within the scope of his or her employment. The Government's liability, however, is specifically conditioned on a claimant's compliance with the provisions of the Tort Claims Act, 33 V.I.C. § 3401 et seq. As such, noncompliance with the Act can nullify the Government's waiver of immunity and consent to be sued, and thus, deprive the Court of subject matter jurisdiction over a claim. Mercer v. Government of the Virgin Islands, 18 V.I. 171 (Terr. Ct. 1982).

██ An individual can recover damages for personal injury caused by a government employee acting within the scope of his or her employment only if an administrative "claim" is filed within ninety days after the accrual of the claim, or if a written "notice of intention to file a claim" is filed within ninety days of the date of the accrual of the claim. If the "notice of intention" is filed, the claimant must file a "claim" within two years of the accrual date of this claim. 33 V.I.C. § 3409(c). (emphasis added.) Strong Virgin Islands public policy exists which requires that actions against the Government must be filed promptly. Dublin v. V.I. Telephone Corp., 15 V.I. 214, 232 (Terr. Ct. 1978).

██ Compliance with the Tort Claims Act further requires the administrative filing of a "claim" or "notice of intention" with the Office of the Governor and service of a copy upon the Attorney General. 33 V.I.C. § 3410. Where a plaintiff failed to file a "claim" or "notice of intention" with the Governor and the Attorney General, the Territorial Court has previously granted the Government's motion to dismiss a tort claim. Mercer, 18 V.I. at 180–181.

██ Importantly, however, if the claimant has not filed a "claim" or "notice of intention" within the time limited for filing the "notice of intention", this Court possesses the discretionary power to permit the late filing of a claim within two years after the claim's accrual. 33 V.I.C. § 3409(c). In Mercer, the Territorial Court definitively outlined the requisite criteria for the late filing of a claim by tracking the wording of § 3409(c). The criteria are as follows:

(1) The claimant must file a motion for permission to file a late claim with an accompanying affidavit stating a reasonable excuse for the failure to file the "notice of intention" and showing that the Government had timely and actual knowledge of the incident;

(2) The claimant must file a proposed claim with the motion and the claim must contain all the information required in § 3410;

(3) The Court must determine whether the Government will be substantially prejudiced, and if it will be, the claimant's motion should be denied; and

(4) If the claimant has suffered from a legal disability, the claimant may present a claim two years after the disability was removed. Id. at 177–178. In the years that have followed Mercer, the Territorial Court has continued to reinforce and require strict compliance with these criteria. Clarke v. Government of the V.I. and Clement, 24 V.I. 28 (Terr. Ct. 1988); Connor v. Government of the V.I., 20 V.I. 100 (Terr. Ct. 1983); Harley v. Government of the V.I., 18 V.I. 228 (Terr. Ct. 1982).

The late filing requirements of the Torts Claims Act mandate that all criteria be construed as conjunctive before the Court may grant a plaintiff leave to file a late claim. Harley v. Government, 18 V.I. 235. All the criteria must, therefore, be met before the Court can permit a late filing.

As mentioned previously, it is uncontroverted that Walters has not filed a "notice of intention to file a claim". It is, therefore, incumbent upon Walters to satisfy all the criteria in order for the Court to allow her to file a late claim.

■ In applying the requirements set forth in § 3409(c) and Mercer and its progeny for the filing of a late claim, it is clear that Walters has not complied with the statutorily prescribed procedure. First, she must submit a motion for permission to file the late claim with an accompanying proposed claim. Walters has filed no such motion or proposed claim. The only documents that Walters has filed are her Opposition to the Defendant's Motion to Dismiss and her affidavit of September 14, 1993, both of which were filed with the Court on September 15, 1993. Looking at matters in the light most favorable to Walters, even if the Court were to deem that her Opposition and her affidavit were a motion for permission to file a late claim, she did not file them within the prescribed two year period.

Second, Walters has not provided any excuse as to why she did not timely file a "notice of intention". In her own affidavit, she admits that she was bedridden through June, 1991. If the Court deems that the ninety day filing period for a "notice of intention" was tolled through that date, she still did not file her notice with the Governor's office and serve the Attorney General. It is noteworthy that she filed her proposed complaint with the Commis-

40

sioner of Health in July, 1991 and thus, could have easily and simultaneously filed her "notice of intention". In Clarke, 24 V.I. 28, the Territorial Court held that a plaintiff's failure to give a reasonable excuse for not filing a "notice of intention" justified the Court's dismissal of the complaint.

Third, Walters has not established that the Government had knowledge of the facts constituting the claim prior to the expiration of the time limited for the filing of the "notice of intention". Walters simply asserts that the Government had "actual knowledge of plaintiff's condition as for most of the 90 days after her fall in the St. Thomas Hospital, plaintiff was hospitalized." Merely because she may have been hospitalized at the St. Thomas Hospital and the hospital had possession of her records does not, in turn, suggest that the Government had knowledge of any medical malpractice. Saludes v. Ramos, 21 V.I. 412 (D.V.I. 1985); Daniel v. Government of the V.I. 27 V.I. 95 (Terr. Ct. 1992).

Fourth, Walters has also failed to show that the Government would not be substantially prejudiced. The Government's first notice of Walters's claim of medical malpractice was on October 30, 1991, when Walters served the Governor's office and the Attorney General's office with a copy of her complaint. This was over two years after her fall. An extremely long period of time had passed and the Government would be severely handicapped in preparing an adequate defense in this matter. See Daniel, 27 V.I. at 97.

■  Although Walters filed a complaint with the Commissioner of Health pursuant to the Virgin Islands Health Care Provider Malpractice Act, medical malpractice claims against the Government in this jurisdiction require separate filings under the Tort Claims Act. 27 V.I. 166 et seq.; Richardson v. Knud Hansen Memorial Hospital, 744 F.2d 1007 (3d Cir. 1984); Saludes v. Ramos, 744 F.2d 992 (3d Cir. 1984). As such, Walters's filing of the malpractice complaint with the Commissioner of Health had no effect on the notice filings required under the Tort Claims Act.

## CONCLUSION

Based on the foregoing, because of Walters's failure to comply with 33 V.I.C. §§ 3409(c) and 3410, the Government's Motion to Dismiss will be granted and an appropriate judgment will be entered. In view of the Court's granting the Government's Motion to

41

Dismiss based on violations of the Tort Claims Act, the Court need not address the Government's other assertion that the Complaint should be dismissed due to the Plaintiff's failure to provide an expert opinion.

## ORDER

This matter is before the Court on the Defendant's Motion to Dismiss. In accordance with the Memorandum Opinion of this date, it is hereby.

ORDERED, ADJUDGED AND DECREED that the Complaint in this matter is dismissed, with prejudice; and it is further

ORDERED that a copy of this Judgment be directed to Bernard M. VanSluytman, Esq. and Richard R. Knoepfel, Esq., Briggs, Knoepfel & Ronca.